Integrity Credit Corporation (plaintiff) brought suit against Bowman (defendant) for recovery under a lease agreement in 1983. After pleadings, discovery, and counterclaim, the case was set for trial in the Circuit Court of Baldwin County, Alabama, on October 21, 1986. On October 17, oral agreement was reached between counsel for settlement and entry of judgment in favor of plaintiff for a specific sum. On the date set for trial, plaintiff filed a motion to enforce the oral agreement by entry of judgment. The motion averred that a settlement agreement between counsel had been reached on October 17, 1986, and the court informed of the agreement; that counsel for defendant indicated that he wanted his client to execute a written consent *Page 105 
for entry of judgment and the filing of such consent in court for the record; that plaintiff, relying on the oral agreement, had excused his witness from appearing at trial and was, thus, unable to proceed with trial; plaintiff, therefore, asked the court to enforce the oral agreement.
On October 23, 1986, the court entered on its case action summary sheet the following:
 "Motion to enforce settlement agreement granted. Judgment entered in favor of plaintiff and against defendant in the sum of $5,7500 [sic] plus cost of court."
On November 4, 1986, the trial court filed the following order:
 "Plaintiff having filed a 'Motion to Enforce Settlement Agreement' in this matter moving the Court to enter judgment against Defendant, STANLEY DWIGHT BOWMAN, and in favor of Plaintiff, INTEGRITY CREDIT CORPORATION, for the sum of $5,750.00, and dismissing said Defendant's counterclaim against Plaintiff, with prejudice; and counsel for both parties having had ample opportunity to offer arguments with respect to said motion by telephone conference call on Friday, October 17, 1986; and the Court having duly considered Plaintiff's said motion and having entered an order on October 23, 1986, granting said motion and entering judgment in favor of Plaintiff and against Defendant in the sum of $5,750.00 plus costs of court but otherwise not addressing Defendant's counterclaims against Plaintiff;
 "It is hereby ORDERED, ADJUDGED and DECREED that said order and entry of judgment of October 23, 1986, is hereby amended to include the dismissal, with prejudice, of each and every counterclaim filed in this action by Defendant, STANLEY DWIGHT BOWMAN, against Plaintiff, INTEGRITY CREDIT CORPORATION.
"Dated on this, the 4th day of November, 1986.
 "/s/ Charles C. Partin "CHARLES C. PARTIN "CIRCUIT JUDGE"
On December 9, 1986, defendant, acting pro se, filed a notice of appeal from the judgment of October 23, 1986. Defendant appears before this court pro se, presenting the issue of whether an oral agreement between opposing attorneys for entry of judgment not made in open court is binding and may be enforced by the court. Before addressing the merits of the issue, the court will dispose of the motion of plaintiff to dismiss the appeal as untimely.
 Motion to Dismiss Appeal
We have previously noted that the initial entry of judgment was on October 23, 1986. That entry gave judgment for money to plaintiff but made no mention of the defendant's counterclaim. Thus, the first judgment falls within the provisions of Rule 54, A.R.Civ.P. Rule 54 provides that a judgment which fails to dispose of all claims presented in the action, including counterclaims, is not final for purposes of appeal unless expressly determined to be so by the court. Goza v. Everett,365 So.2d 658 (Ala. 1978); Wesley v. Brandon, 419 So.2d 257
(Ala.Civ.App. 1982). No such express determination was entered in this case. A judgment against less than all the parties or upon all the claims does not terminate the action as to any of the parties or claims. The judgment thus entered is subject to revision or correction at any time prior to the entry of a judgment which does terminate all claims or rights of the parties. Hallman v. Marion Corp., 411 So.2d 130 (Ala. 1982). Therefore, the final judgment was not entered until November 4, 1986. We consider the notice of appeal, although directed to the entry of October 23, 1986, to have been timely filed on December 9, 1986. The motion to dismiss the appeal is denied.
 On the Issue
There is no record of evidence in this case. The only record of events is that of the clerk, including the motion to enforce the oral agreement and the judgment entries of the court. The statement of events contained in the motion to enforce is not sworn. The judgment of November 4, 1986, contains a statement, as previously quoted herein, that indicates that counsel for both parties had "opportunity to offer *Page 106 
arguments with respect to said motion by telephone conference call on Friday, October 17, 1986." However, the record indicates that the motion to enforce settlement referred to in the order was not filed until October 21, 1986. The motion itself states that the agreement was made on October 17. Therefore, obviously there is conflict in the record as to the occurrence of events relating to the alleged settlement agreement upon which the judgment is founded.
It has long been the law of Alabama that private agreements between parties or their attorneys must be in writing and signed by the party to be bound thereby. Former Supreme Court Rule 20. The rule was extended by the courts to include the use of oral agreements made in open court or at pretrial conferences. Crawford v. Tucker, 258 Ala. 658, 64 So.2d 411
(1953); Prestwood v. Watson, 111 Ala. 604, 20 So. 600 (1895). Present Rules of Appellate Procedure Rule 47 includes these extensions. Jones v. Gladney, 339 So.2d 1019 (Ala. 1976);Anonymous v. Anonymous, 353 So.2d 515 (Ala. 1977). Although Rule 47, A.R.A.P., adopted the extension providing for oral agreements, it remains necessary that such agreement be made in open court. Anonymous, supra, at 518.
The esteemed Mr. Justice Bloodworth, writing for the Court inAnonymous adopted the explanation of the term "open court" stated by the New York court in the case of In re Dolgin EldertCorporation, 31 N.Y.2d 1, 334 N.Y.S.2d 833, at 840,286 N.E.2d 228, at 233. Stated succinctly, "open court" means a proceeding where there are formal entries made, if only in minutes or bench notes, to record the critical litigation events, so that transcript beyond dispute and fallibility of memory is available. The court concluded in Anonymous that in a case where there is no record of the alleged agreement in the reporter's transcript, nor on the docket sheet, nor in the minute entry, the agreement does not fall within the rule. We might add the additional condition that where there is no acknowledgement of such an agreement in the judgment entry, the requirement of the rule is not satisfied.
In this case, none of the conditions of an "open court" agreement are disclosed. Whether there was ever an agreement for settlement in any form is contained only in a nonevidentiary pleading. Even the allegations of that pleading do not satisfy the conditions of an "open court" proceeding. We are not prepared in this case to decide whether notice by counsel via telephone meets the criteria of an "open court" proceeding. This court is bound by the record in all cases. There is nothing in the record to satisfy the requirements of a binding agreement under Rule 47, A.R.A.P., which could be enforced by judgment. To the contrary, plaintiff's motion to enforce the agreement concedes that though agreement between counsel had been reached, counsel for defendant indicated that he wanted his client to execute a written stipulation of consent to judgment to be filed for the record. The record discloses no such stipulation. Had such stipulation been executed and filed, then Rule 47 would have been satisfied and the agreement binding. If the stated desire of counsel to secure a written stipulation from defendant is accepted, such fact raises the additional question of whether the agreement was conditional upon the filing of such stipulation.
This court is of the opinion that the judgment entered was based upon a non-binding agreement of counsel and must be set aside. We recognize that in practice many notices of settlement are given by phone and judgment entered thereon without problem. However, it would be advisable for the court to make minute entry or note in the judgment how it came about.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur. *Page 107