This is an appeal from an order of the Circuit Court of Walker County finding that a settlement agreement existed between the parties and ordering it enforced. Knight and Phillips were the sole incorporators, officers, directors, and shareholders of Video, Inc., and Earthworks, Inc., with each owning 50% of the outstanding stock of both corporations.
Phillips was first to file an action he filed his action in Jefferson County Circuit Court on July 9, 1985, alleging, among other things, that Knight had breached his fiduciary duties to the two corporations.[1] Knight filed a complaint two days later in the Circuit Court of Walker County alleging that Phillips had breached his fiduciary duties as an officer and director of the two corporations. The circuit judge of Walker County determined that Walker County was the proper forum for the lawsuit.[2] Phillips subsequently filed an answer and a counterclaim in the Walker County suit, alleging that Knight had breached his fiduciary duties to both corporations. Knight's answer to the counterclaim denied these allegations.
In June 1988, Knight's attorney filed a motion to enforce the settlement agreement he alleged had been agreed to by the parties as a result of negotiations that had taken place during the summer of 1986. In July 1988, Phillips hired a new attorney, Danny Lockhart. Lockhart responded to the motion to enforce the settlement agreement by alleging that neither Phillips nor his former attorney, Gould H.K. Blair, had ever agreed to settle the case on Phillips's behalf. This response included an affidavit by Phillips's former attorney, Blair, who stated that he had never had the authority to enter into a settlement agreement on behalf of Phillips. The trial court granted Knight's motion to enforce the settlement agreement, basing its order on the evidence submitted at the hearing on the motion. Phillips appeals from the trial court's order.
 Issues
Phillips asserts that the trial court erred in three respects: 1) that it abused its discretion by finding facts not supported by the record; 2) that it failed to conduct an evidentiary hearing; and 3) that Phillips's attorney should not have been found to have had the authority to enter into the settlement agreement on behalf of his client. Because we reverse and remand this case to the trial court, we need not discuss the failure of the trial court to hold an evidentiary hearing.
 Discussion
The facts necessary to our decision appear in the trial court's order, as set forth in pertinent part below:
 "[T]he parties were ably represented by counsel. . . . The Motion was submitted to the Court for ruling upon facts as stipulated and agreed upon by the parties,[3] upon the pleadings, attachments, *Page 566 
exhibits, and affidavits attached thereto, and upon the strong arguments of both Attorneys. Upon consideration of the stipulated facts, pleadings (together with attachments, exhibits and affidavits attached thereto) and the arguments of counsel, the Court makes the following findings and it is therefore the Order, Judgment, and Decree of this Court:
 "1. That on July 11, 1985 this action was commenced by the filing of a Complaint by Jimmy H. Knight in the Circuit Court of Walker County. The Complaint stated that it was 'an action commenced pursuant to Section 10-2A-195 in the Code of Alabama [1975] to dissolve Video, Inc. and Earthworks, Inc. and to liquidate the assets and business of said corporations.' The Complaint also contained certain other allegations regarding the conduct of the Defendant Wayne Phillips and in addition to seeking dissolution of the corporations, sought certain injunctive and other relief. Defendant filed an Answer to this Counterclaim on July 16, 1985 and on October 3, 1985 filed a Multiple Count Counterclaim.
 "2. That, subsequently, during the summer months of 1986, the Attorneys of record for the parties, namely Hon. Gould H.K. Blair, Attorney for Wayne Phillips, and Hon. H.C. Wiley, Jr., Attorney for Jimmy Knight, entered into lengthy settlement negotiations with regard to the pending litigation. These negotiations continued through the summer of 1986 and culminated when the parties, through their attorneys, reached a settlement agreement which was set forth in a letter dated September 2, 1987 from Knight's attorney to Phillips's attorney. Prior to this time, numerous writings concerning this settlement had been sent from Knight's attorney to Phillips's attorney. These writings are attached to Knight's Motion to Enforce Settlement Agreement and are a part of this court file and are in evidence for the purpose of the pending motion. They are summarized in the Motion itself and this summary [is] set forth here:
 "7-1-86 — Letter from Counsel for Knight to counsel for Phillips concerning settlement.
 "9-25-86 — Written correspondence from counsel from [sic] Knight to Counsel of Phillips concerning settlement.
 "10-7-86 — Written correspondence to attorney of record for Phillips concerning settlement.
 "2-18-87 — Letter from counsel for Knight to counsel of Phillips concerning settlement.
 "8-10-87 — Letter from counsel for Knight to counsel of Phillips concerning continuance of litigation.
 "8-25-87 — Letter from counsel for Knight to counsel for Phillips concerning settlement.
 "3. On September 2, 1987 Knight's attorney wrote to Phillips's attorney a letter which states, in part, 'this will confirm our recent telephone conversation where we settled the disputes between our respective clients.' This correspondence also included the following written documents whereby the settlement agreement was further reduced to writing:
 "[list of 15 documents attached necessary to conclude settlement]
 "4. Subsequent to September 2, 1987 additional writings were forwarded to Phillips's attorney confirming the settlement. These occurred on November 12, 1987; November 30, 1987; and November 21, 1987. The correspondence of November 12, 1987 and November 30, 1987 stated that it had been reported to the Judge presiding over the matter that the case had been settled.
 "5. On June 21, 1987 Knight's attorney wrote to the Circuit Court for Walker County, James E. Wilson, and advised in writing that case had been settled.
 "6. On at least one occasion, July 6, 1988, the matter was called on a Circuit Court Trial Docket. Knight's attorney appeared, (Phillips's attorney failed to appear) and informed the Court that settlement had been agreed upon. The presiding Judge made a Docket entry which *Page 567 
read 'trying to settle. H.W. (Knight's attorney) to get Order. Default in ten days.' Thus, the Trial Court made an entry . . . on the minutes of the Court confirming that the case was settled, that an Order would be forthcoming, and that Default would be entered against Phillips if the Order was not received. The Court find[s] that the reason that Phillips's attorney did not appear is due to the fact that a settlement agreement had been reached at that time which had been reduced to writing.
 "7. The Court finds that . . . Gould H.K. Blair, attorney for Wayne Phillips, in fact represented Wayne Phillips during the course of the settlement negotiations and had authority to bind his client in this action. The Court further finds that Hon. H.C. Wiley, Jr. was attorney of record for Plaintiff Jimmy Knight during the settlement negotiations referenced herein and had authority to bind his client in these matters.
 "8. The Court finds that a Settlement Agreement was reached in relation to this case, that the Agreement was reduced to writing and is enforceable.
 "9. The Court finds that a Settlement Agreement was reached in this case, an entry of the same was made on the minutes of the Court in this matter, and said settlement is due to be enforced.
 "10. The Court finds further that Phillips is estopped from denying the Settlement Agreement reached in this case and that the Settlement Agreement is therefore due to be enforced.
 "[The remainder of the Order lists the specific terms of the Settlement Agreement.]"
 Standard of Review
At the outset, we note that the usual presumptions of correctness applied to the trial court's findings in ore tenus cases are not applicable here. Hacker v. Carlisle,388 So.2d 947, 950 (Ala. 1980). We review the evidence presented in the record before us without any presumption of correctness, due to the trial judge's having taken no oral testimony. Ingram v. Pollock, 557 So.2d 1199 (Ala. 1989);Bownes v. Winston County, 481 So.2d 362, 364 (Ala. 1985) ("[w]here the evidence is stipulated, and no testimony is presented orally before the trial court, this Court will review without any presumption in favor of the trial court's findings and sit in judgment on the evidence"); Ex parte British SteelCorp., 426 So.2d 409, 414 (Ala. 1982); Hacker v. Carlisle, supra ("This case was tried without a jury on stipulations and briefs of the parties and primarily documentary evidence. No testimony of any witness was admitted into evidence on anymaterial matter. In such a situation, the appellate court sits in judgment on the evidence") (emphasis original); see also Perdue v. Roberts, 294 Ala. 194, 314 So.2d 280 (1975);McCulloch v. Roberts, 292 Ala. 451, 454, 296 So.2d 163 (1974) "[t]his is in effect the negative expression of the oretenus rule"); Sheehan v. Liberty Mutual Fire Ins. Co., 288 Ala. 137, 258 So.2d 719 (1972); Kennedy v. State Dept. of Pensions Security, 277 Ala. 5, 166 So.2d 736 (1964); Adams v. Logan,260 Ala. 346, 70 So.2d 786 (1954); Redwine v. Jackson, 254 Ala. 564,569, 49 So.2d 115 (1950); 5 Am Jur 2d Appeal andError, § 825 at 267 (1962). Thus, we must review the evidence in this case without any presumption in favor of the trial court's ruling.
However, Knight asserts that the trial court had before it "facts as stipulated and agreed upon by the parties" and that those facts were sufficient to support its order. As indicated above, however, there is no transcript of the proceedings of the hearing on the motion. Knight also asserts that Phillips filed no statement as allowed by A.R.App.P. 10(d). He argues that because there is no Rule 10(d) summary, the facts as found by the trial court must be "conclusively presumed" sufficient to support the judgment. Further, Knight correctly contends that it is Phillips's burden to ensure that all the proceedings before the trial court are contained in the record on appeal. Rule 10 imposes no absolute requirement that the appellant file such a statement, even though the burden is on the appellant if one is to be filed. Smith v. Haynes,364 So.2d 1168, 1170 (Ala. 1978). *Page 568 
A review of the authority cited by Knight persuades us that his argument is misplaced. InAdams v. Adams, 335 So.2d 174, 176-77 (Ala.Civ.App. 1976), the Court of Civil Appeals discussed A.R.App.P. 10(d) and its relation to the former principle set out in Davis v. Wolff,53 Ala. App. 700, 304 So.2d 201 (1974) (rev'd, 293 Ala. 408,304 So.2d 203 (1974)). As stated in Adams, "the principle was well settled in Alabama that the trial court's findings and conclusions on the facts would not be reviewed when it affirmatively appeared there was evidence before the trial court that was not in the record on appeal." 335 So.2d at 176. A review of Adams and also of Smith v.Haynes, supra, reveals that in both cases oral testimony was presented to the trial court, yet no transcript was made of that testimony. Because the appellant has the burden to present a record on appeal, he is the party penalized for any omission.Adams held that "Where, as here, it affirmatively appears that oral testimony was considered by the trial court in reaching its decision, and this testimony is not present in the record either as a transcript or as a Rule 10(d) summary, it continues to be conclusively presumed that the testimony is sufficient to support affirmance." Id. at 177.
Here, the trial court's order and the argument of Phillips clearly indicate that the additional evidence was "facts as stipulated and agreed upon by the parties." There was no oral testimony presented to thetrial court, and thus we are bound by the standard set forth above from Ingram, supra.
 Settlement Agreement
Section 34-3-21, Ala. Code 1975, states that "An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." We have held that such an "agreement and the judgment entered pursuant to it are binding." Hales v. Roper, 378 So.2d 225, 229 (Ala. 1979), quoting Brocato v. Brocato, 332 So.2d 722, 723-24 (Ala. 1976); see also Bowman v. Integrity Credit Corp.,507 So.2d 104, 106 (Ala.Civ.App. 1987).
It appears from the above statute and our prior cases that either attorney Blair or attorney Wiley would have had the authority to bind his client upon an agreement, made in writing, or by an entry made on the minutes of the court. The record reveals that an entry was made by the trial court, as shown by the affidavit of Joan Miskelley, the official court reporter for Judge James E. Wilson. However, it appears that the understanding of the trial court, as shown by the entry was that a settlement was beingnegotiated between the parties. The evidence presented to the trial court, specifically the documents forwarded to attorney Blair, were unsigned. There is no document in the record showing that a "meeting of the minds" ever occurred to the extent that any of the documents were signed by Phillips or his attorney. See Ingram v. Poldock, supra. We are also aware that the Alabama Rules of Appellate Procedure provide that "[n]o private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby; provided, however, agreements made in open court or at pretrial conferences are binding, whether such agreements are oral or written." A.R.App.P. 47. This case is unlike those cases where specific proof was sufficient to show the existence of an actual agreement. See Reeves v. Orkin Exterminating Co.,457 So.2d 402, 404 (Ala. 1984); Brocato v. Brocato, supra. There is no evidence that the agreement was in writing, nor that the agreement was made in open court or at a pre-trial conference. The evidence is quite the reverse. All of the documents in evidence show correspondence from the plaintiff's attorney, H.C. Wiley, to the defendant's attorney, Gould H.K. Blair. There is no return correspondence from Blair, and the documents sent to Blair needing signatures remained unsigned. *Page 569 
We hold, therefore, that the trial court erred, as a matter of law, in granting the motion to enforce the settlement agreement. We reverse and remand to the trial court for the continuation of the proceedings in this matter.
REVERSED AND REMANDED.
JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] We are not concerned in this action with the lawsuit filed in the Circuit Court of Jefferson County.
[2] Any question as to the proper forum for this litigation is not an issue on this appeal.
[3] The record contains no such specific stipulation of facts for our review.