L. CHARLES WRIGHT, Retired Appellate Judge.
Douglas Williams and Fred Saveli represent a class of employees employed by Tele-dyne Continental Motors Aircraft Products (TCM). The employees applied for unemployment compensation benefits for a period while they were engaged in a strike against TCM. The Alabama Department of Industrial Relations, Unemployment Compensation Division, denied the employees’ claims. The employees appealed the denial of benefits, and an appeals referee upheld the disqualification. The employees then appealed to the Unemployment Compensation Board of Appeals, which also upheld the disqualification. The employees appealed the final decision to the Circuit Courts of Mobile and Baldwin Counties.
In the circuit courts, the parties agreed to submit the Mobile case to the court for a final decision based upon stipulated facts and the record. They agreed to stay the Baldwin County case until the Mobile court reached a decision and to let the judgment of the Mobile court control the resolution of the Baldwin County case, subject to the parties’ rights to appeal.
The Mobile court entered a judgment in favor of TCM, concluding
“that during the relevant time period, the claimants’ unemployment was directly due to a labor dispute in active progress ... and that the claimants were therefore disqualified for unemployment compensation benefits under Code of Alabama 1975 § 25-4-78(1).”
The Baldwin County court also entered a final judgment in favor of TCM. The employees appeal.
The facts are undisputed. Prior to June 1989, the employees were actively employed at TCM and were covered by a collective bargaining agreement between TCM and the United Automobile Workers Union (UAW). The agreement expired in June 1989, and TCM and the UAW engaged in negotiations for a new contract. The parties could not reach an agreement, and in February 1990 the UAW commenced a strike. All of TCM’s bargaining unit employees went on strike.
During the strike TCM continued to operate by using supervisor and management employees and temporary strike replacements. This situation continued until early April 1990, when TCM notified the UAW that permanent replacements would be hired to replace the striking workers. The permanent replacements began filling the striking employees’ jobs in April and May 1990. When TCM hired the permanent replacements to fill the striking employees’ jobs, the employees filed claims for unemployment compensation. The claims were denied.
The strike continued until November 30, 1990, when the UAW made an unconditional offer to return to work. The employees applied for, and received, unemployment com *21 pensation benefits from November 30, 1990, until they were reinstated to their former jobs in February 1991.
The employees assert that they were improperly denied unemployment compensation benefits from the date TCM hired permanent strike replacements to fill their jobs through November 30, 1990. They contend .that though the labor dispute directly caused the initial unemployment, the statutory disqualification ceased when TCM permanently replaced the striking employees. They insist that TCM’s act of hiring permanent replacement workers ended the employment relationship with the striking employees and became the direct cause of the unemployment.
TCM asserts that the employees were disqualified from benefits under § 25-4-78(1) because, until the UAW made an unconditional offer to return to work, thereby ending the strike on November 30,1990, the employees were involved in a labor dispute that was still in active progress.
Evidence was submitted to the circuit court without oral testimony and the facts are undisputed; therefore, this court reviews the evidence without any presumption of correctness of the trial court’s ruling. Phillips v. Knight, 559 So.2d 564 (Ala.1990).
We have not found, nor have we been cited to, a ease where this exact issue has been decided in this state. Other states have addressed the issue and their interpretations of their statutes are enlightening. The cases can be categorized into two groups: “stoppage of work” statutes and “labor dispute in ' active progress” statutes. John Morrell & Co. v. South Dakota Dep’t of Labor, 460 N.W.2d 141 (S.D.1990).
States employing the “stoppage of work” statutes have determined that the mere hiring of permanent replacement workers lifts the labor dispute disqualification. See Ruberoid Co. v. California Unemployment Ins. App. Bd., 59 Cal.2d 73, 27 Cal.Rptr. 878, 378 P.2d 102 (1963); Brannan Sand & Gravel v. Industrial Claim Appeals Office, 762 P.2d 771 (Colo.App.1988); Arvin North American Automotive v. Review Bd. of Indiana Dep’t of Employment & Training Services, 598 N.E.2d 532 (Ind.App. 5 Dist.1992); Baugh v. United Telephone Co., 54 Ohio St.2d 419, 8 O.O.3d 427, 377 N.E.2d 766 (1978).
States utilizing the “labor dispute in active progress” statutes have determined that a striking employee who has been permanently replaced must also show that he has abandoned the strike and unconditionally offered to return to work before the labor dispute disqualification can be lifted. See Burkart/Randall Division of Textron, Inc. v. Daniels, 268 Ark. 375, 597 S.W.2d 71 (1980); Geo. A Hormel & Co. v. Asper, 428 N.W.2d 47 (Minn.1988); In re Sarvis, 296 N.C. 475, 251 S.E.2d 434 (1979); Adams v. Employment Division, 78 Or.App. 570, 717 P.2d 1199 (1986); John Morrell & Co.; Baughman v. Jarl Extrusions, Inc., 648 S.W.2d 954 (Tenn.App.1982).
Our statute falls soundly within the “labor dispute in active progress” category. Section 25-4-78(1) provides the following:
“An individual shall be disqualified for total or partial unemployment:
“(1) LABOR DISPUTE IN PLACE OF EMPLOYMENT. — For any week in which his total or partial unemployment is directly due to a labor dispute still in active progress in the establishment in which he is or was last employed. For the purposes of this section only, the term ‘labor dispute’ includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee. This definition shall not relate to a dispute between an individual worker and his employer.”
Applying the rationale utilized by other states with similar statutes, we consider that the strike disqualification was lifted when the striking employees indicated that they were ready and willing to return to work. The fact that TCM hired permanent replacements prior to that time is of no import. The optimum date under this fact situation was November 30, 1990 — the date that the strike ended.
*22 The judgments of the circuit courts are affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.