SAM A. BEATTY, Retired Justice.
Louella Marie Daughtry appeals from a judgment enforcing the terms of a purported settlement agreement. We reverse and remand.
Daughtry filed an action in July 1995 against Gerald Floyd; Willie Keys; Cliff Adams; and Bail Bonds, Inc., d/b/a A to Z Bail Bonds. Daughtry alleged that Floyd, Keys, and Adams had trespassed in her home for the purpose of arresting a fugitive from justice, had assaulted her, and had falsely imprisoned her. She also alleged that at the time of the incident, Floyd, Keys, and Adams were employed by, or were the agents of, Bail Bonds. In February 1996, one of Daughtry’s attorneys, Jon A. Green, sent to the defendants’ attorneys a written offer to settle the case for $20,000. The defendants rejected that offer. On March 11,1996, Green telephoned Allen E. Graham, the attorney for Keys and Adams, and advised him that Daughtry was willing to settle the case for $3,000. On March 13, Graham telephoned Green and accepted Daughtry’s settlement offer. Then, on March 15, Green telephoned Graham and Jay M. Ross, the other defense attorney in the case, and advised them that Daughtry no longer was willing to settle the case for $3,000. On March 18, Green confirmed in writing that his client had withdrawn her settlement offer.
On March 20, Keys, Adams, and Floyd filed a motion asking the trial court to enforce and approve the settlement agreement. After oral argument, the trial court determined that the settlement agreement was enforceable and entered a judgment against Keys and Adams for $2,750 and against Floyd for $250. Bail Bonds has been dismissed as a defendant. After Daughtry filed a post-judgment motion, the trial court entered an amended judgment, but its basic terms remained unchanged.
Daughtry argues that the trial court erred in enforcing the purported settlement agreement because it does not comply with the requirement contained in § 34-3-21, Ala. Code 1975, that a binding settlement agreement must be in writing. Section 34-3-21 provides:
“An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court.”
*150 The trial court found that the parties and their attorneys did not dispute either the terms of the purported settlement or the manner in which it was reached. The court determined that the parties had reached a settlement agreement when the attorney for two of the defendants accepted Daughtry’s offer on March 13 and that the correspondence between the attorneys constituted a writing sufficient to satisfy the requirement of § 34-3-21.
Our supreme court examined § 34-3-21 in Neely v. Central Bank of the South, 492 So.2d 1008 (Ala.1986), wherein the trial court had refused to enforce a purported oral settlement agreement between Neely and the attorney for Central Bank. The court stated:
“Thus, whether the purported oral agreement was entered into is not a question of a material fact, because Neely would be precluded by law from relying upon it, even if there indeed had been such an oral agreement.”
492 So.2d at 1011 (emphasis in original). The court again addressed § 34-3-21 in Phillips v. Knight, 559 So.2d 564 (Ala.1990), wherein the trial court found that settlement negotiations between attorneys had resulted in a settlement agreement that was reduced to writing and was enforceable. The attorneys in Phillips exchanged extensive correspondence, including a letter that stated, in part, “this will confirm our recent telephone conversation where we settled the disputes between our respective clients.” 559 So.2d at 566. Included with that correspondence were other written documents in which the terms of the settlement agreement were reduced to writing, but none of those documents was ever signed by the client. In reversing the judgment of the trial court, our supreme court stated:
“It appears from [§ 34-3-21] and our prior cases that either attorney Blair or attorney Wiley would have had the authority to bind his client upon an agreement, made in writing, or by an entry made on the minutes of the court. The record reveals that an entry was made by the trial court.... However, it appears that the understanding Of the trial court, as shown by the entry was that a settlement was being negotiated between the parties.... There is no evidence that the agreement was in writing, nor that the agreement was made in open court or at a pre-trial conference. The evidence is quite the reverse. All of the documents in evidence show correspondence from the plaintiffs attorney, H.C. Wiley, to the defendant’s attorney, Gould H.K. Blair. There is no return correspondence from Blair, and the documents sent to Blair needing signatures remained unsigned.”
Id. at 568 (emphasis in original).
The only agreement regarding settlement of the case before us was an oral agreement between two of the attorneys for the parties. The first written document regarding the purported settlement was the letter written by Daughtry’s attorney, Green, advising the defense attorneys that his client no longer wished to settle. There simply is no writing binding Daughtry that would allow the defendants to rely upon § 34-3-21 in attempting to enforce the purported settlement agreement.
The trial court erred as a matter of law in granting the defendants’ motion to enforce the purported settlement agreement and in entering a judgment in accordance with its terms. The judgment is hereby reversed, and the cause is remanded to the trial court for the continuation of the proceedings in this case.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.