[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 618 
Larry McIver appeals from a judgment entered by the Houston Circuit Court enforcing an alleged settlement agreement between him and Bondy's Ford, Inc. ("Bondy's"). We reverse and remand.
The following facts are undisputed. On December 21, 2000, Bondy's filed a five-count complaint against McIver alleging breach of contract and fraud relating to a transaction involving McIver's purchase of an automobile from Bondy's. On April 24, 2001, McIver answered the complaint and filed a counterclaim pursuant to the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-270 et seq.
After substantial pretrial activity, the trial court set the case for trial on November 13, 2003. On that date, the court entered the following bench note on the case action summary sheet: "Case cont'd for settlement. Trial to be heard on 1-21-04 at 1 pm if case pending." On that same day, counsel for Bondy's sent a letter to counsel for McIver that read:
 "This will confirm that the above case has settled for $15,000.00 and that payment will be made to my client within twenty-one (21) days, that being December 4, 2003, and that the vehicle will be returned to your client upon receipt of the funds and your client's execution of a Release of Any and All claims pertaining to the vehicle, purchase, trade-in, transaction and any related claims."
Neither McIver nor his counsel responded to this letter.
On January 16, 2004, McIver filed a motion to continue, seeking to postpone the January 21 trial setting. On January 20, Bondy's responded by filing a "Motion to Enforce Settlement and Motion in Opposition to Defendant's Motion to Continue Trial." In its motion, Bondy's asserted that the parties had reached a settlement on November 13 and had informed the court of the settlement on that day but that McIver had failed to comply with the terms of the settlement agreement. On January 22, McIver responded to Bondy's motion to enforce the alleged settlement, alleging that "although the parties discussed settlement, the terms of the settlement were never privately or formally confirmed." Citing Bowman v. Integrity Credit Corp.,507 So.2d 104 (Ala.Civ.App. 1987), and Anonymous v. Anonymous,353 So.2d 515 (Ala. 1977), McIver argued that there was no settlement agreement enforceable in the context of the pending action because there was no written settlement agreement and there was no record *Page 619 
of a settlement agreement in the reporter's transcript or on the case action summary sheet.[1]
On February 2, 2004, the trial court made the following entry on the case action summary sheet: "Plaintiff's Motion to Enforce Settlement is granted. Order to be provided by Plaintiff's attorney after review by deft.'s attorney." On April 14, 2004, the trial court entered a written judgment that stated in part:
 "Upon consideration of Plaintiff's Motion to Enforce Settlement and based upon the representations made to the Court on November 13, 2003 that the case was settled between the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:
 "1. A judgment is entered for the Plaintiff in the amount of $15,000.00;
"2. Defendant's Counterclaim is hereby dismissed;
"3. Costs taxed as paid;
 "4. Payment to be made by Defendant to Plaintiff in certified funds within ten days of the date of this Order; and
 "5. Plaintiff shall return to Defendant the subject vehicle in its present condition at which time Plaintiff receives the aforementioned $15,000.00 in certified funds and receives a general release executed by Defendant releasing any and all claims pertaining to the vehicle, purchase, trade in, transaction and any related claims of Defendant against Plaintiff."
(Emphasis added.)
McIver appeals, contending that the trial court erred when it entered the April 14 judgment granting Bondy's motion to enforce the settlement agreement and incorporating the terms of the alleged settlement agreement in its judgment. Because the trial court did not receive ore tenus evidence as to the alleged settlement agreement, we review the judgment without a presumption of correctness. Phillips v. Knight, 559 So.2d 564,567 (Ala. 1990).
McIver argues that the trial court erred in incorporating the terms of the alleged settlement agreement in its April 14 judgment because, he says, there was no agreement made in writing or in open court, and no formal entry regarding the terms of the agreement had been made in the minutes of the court. The case that he cites in support of his argument, Bowman v. IntegrityCredit Corp., 507 So.2d 104 (Ala.Civ.App. 1987), relies on Rule 47, Ala. R.App. P. Rule 47 provides:
 "No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby; provided, however, agreements made in open court or at pretrial conferences are binding, whether such oral agreements are oral or written."
See also Bowman, 507 So.2d at 106 ("`open court' means a proceeding where there are formal entries made, if only in *Page 620 
minutes or bench notes, to record the critical litigation events, so that transcript beyond dispute and fallibility of memory is available").
In response, Bondy's argues that this case is controlled by Ala. Code 1975, § 34-3-21, and that all of the requisites of that statute have been met, such that the trial court was correct to have enforced the alleged settlement agreement. Section 34-3-21
provides:
 "An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing or by an entry to be made on the minutes of the court."
Bondy's argues that, although the November 13 letter that its counsel wrote and signed arguably does not constitute a settlement agreement "made in writing" by McIver or his counsel, the trial court's notation on the case action summary sheet on November 13, 2003, continuing the trial of the case for settlement, as well as its April 14, 2004, entry of judgment setting out the terms of the settlement, comply with § 34-3-21
because they constitute entries on the court's minutes.
Bondy's is correct that § 34-3-21 is the appropriate authority under which to analyze this matter. "[Section] 34-3-21
specifically governs the enforcement and validity of settlement agreements reached between parties while a case is at trial level, while Rule 47, [Ala.] R.App. P., governs the enforcement and validity of settlement agreements reached while a case is on appeal." Contractor Success Group, Inc. v. Service Thrust Org.,Inc., 681 So.2d 212, 215 (Ala.Civ.App. 1996) (citing Ex parteSims, 627 So.2d 380 (Ala. 1993)).
Our Supreme Court addressed the application of § 34-3-21 in a factually similar context in Phillips v. Knight, 559 So.2d 564. In Phillips, a trial court called a case on its trial docket and, upon being informed by counsel for one of the parties that the parties had settled the case, entered a notation on the "docket" that read, "`"[T]rying to settle. H.W. (Knight's attorney) to get Order. Default in ten days."'" Phillips,559 So.2d at 567. Thereafter, the trial court, on a motion to enforce the purported settlement agreement, found, among other things, that the notation on the "docket" constituted "`an entry of the [settlement agreement] . . . made on the minutes of the Court in this matter.'" Id. Additionally, the trial court found that correspondence the movant had sent to the nonmovant setting out the terms of the settlement agreement constituted a reduction of the agreement to writing. Id. Thus, the trial court found that the alleged settlement agreement was due to be enforced. Id. In its order granting the motion to enforce the settlement agreement, the trial court listed the specific terms of the agreement. Id.
On appeal, addressing the notation that the trial court made on the "docket," the Supreme Court stated:
 "The record reveals that an entry was made by the trial court, as shown by the affidavit of Joan Miskelley, the official court reporter for Judge James E. Wilson. However, it appears that the understanding of the trial court, as shown by the entry was that a settlement was being negotiated
between the parties."
Phillips, 559 So.2d at 568. The Supreme Court also found that the correspondence from the movant to the nonmovant did not suffice as a writing within the meaning of § 34-3-21:
 "The evidence presented to the trial court, specifically the documents forwarded to [the nonmovant's attorney], were unsigned. There is no document in the record showing that a `meeting of the minds' ever occurred to the extent *Page 621 
that any of the documents were signed by [the nonmovant] or his attorney. . . . There is no return correspondence from [the nonmovant's attorney], and the documents sent to [the nonmovant's attorney] needing signatures remained unsigned."
Id. (emphasis in original). Thus, finding that the evidence before the trial court did not satisfy the requisites of §34-3-21, the Supreme Court held that the trial court had erred as a matter of law when it granted the motion to enforce the settlement agreement. Phillips, 559 So.2d at 569.
Based on the Supreme Court's holding in Phillips, we cannot agree with Bondy's contention that the trial court's November 13, 2003, notation on the case action summary sheet constituted an "agreement in relation to [the] case, made . . . by an entry to be made on the minutes of the court" as required by § 34-3-21.Cf. Bowman, supra; and Phillips, 559 So.2d at 568 (a party who desires to enforce a settlement agreement must offer "specific proof . . . sufficient to show the existence of an actual agreement"). By its notation, the trial court did nothing more than acknowledge that the parties were attempting to negotiate a settlement and continue the trial of the case. Given the fact that the trial court, rather than dismissing the case, set it for trial on a specific date two months later contingent upon whether the case remained pending as of that specific date, we conclude that there is no other reasonable way in which to interpret the trial court's notation. Cf. Ex parte Kiely,579 So.2d 1366, 1367 (Ala.Civ.App. 1991) (notation on docket continuing hearing on petition for modification for seven days for settlement held not to comply with the minute-entry requirement of § 34-3-21).
We also cannot agree with Bondy's that the trial court's judgment, which was entered on April 14, 2004, and described the terms of the purported settlement agreement, constitutes a sufficient entry of the agreement "on the minutes of the court," so as to evidence the existence of an actual agreement. "It is axiomatic . . . that the parties must first enter into a valid and binding settlement agreement before it will be enforced."Contractor Success Group, 681 So.2d at 216. If there was no binding settlement agreement before the trial court entered its judgment, the judgment itself cannot serve to establish that agreement.[2] See Phillips, 559 So.2d at 567, 568 (reversing a trial court's enforcement of a purported settlement agreement under § 34-3-21 despite the existence of the trial court's judgment setting forth the terms of the purported agreement); see also Daughtry v. Floyd, 702 So.2d 149, 150
(Ala.Civ.App. 1997) (same).
Finally, for the reasons set forth in Phillips, we conclude that the letter that Bondy's counsel sent to McIver's attorney does not constitute an "agreement in relation *Page 622 
to [the] case, made in writing." Neither McIver nor his counsel responded to that correspondence. Additionally, this court has not been directed to any other documents in the record demonstrating that McIver or his attorney agreed to the terms set forth in that correspondence.
"This court is bound by the record in all cases." Bowman,507 So.2d at 106. Because there is nothing in the record satisfying the requirements of § 34-3-21, we conclude that the trial court erred when it entered a judgment enforcing the purported settlement agreement between the parties.
The trial court's judgment in favor of Bondy's is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] We note that this case does not involve an amendment to the complaint, nor a separate lawsuit, pursuant to which Bondy's sought to allege and prove a separate cause of action for breach of contract based on a settlement agreement, either oral or written. The issue presented is merely whether there exists a settlement agreement as to the present action that properly can be enforced simply by way of a court order based on the extant pleadings and record in that action.
[2] Our determination is not altered by the trial court's statement in the opening sentence of its judgment that the judgment is "based upon the representations made to the Court on November 13, 2003 that the case was settled between the parties." There is no minute entry on November 13 indicating that any such representations were made to the trial court. To the contrary, as noted above, the November 13 entry, which reset the case for a later trial date in the event the case did not settle, plainly indicates that the parties had not reached any binding settlement of their case on that day. Given the lack of ambiguity in the November 13 entry, we reject any attempt to reinterpret it. Cf.State Pers. Bd. v. Akers, 797 So.2d 422, 424 (Ala. 2000) (noting that, while a trial court has inherent authority to interpret its judgments that are ambiguous, "[i]f the terms of a judgment are not ambiguous, then they must be given their usual and ordinary meaning").