PER CURIAM.
BFI Waste Services, L.L.C. (“BFI”), appeals a judgment of' the trial court enforcing an alleged settlement agreement between BFI and Circle J Roll-Offs, Inc. (“Circle J”). We reverse and remand with instructions.
In December 2001, Circle J sued BFI and two BFI employees, Thalia Wells and Kim Carr, alleging slander and tortious interference with business relationships. Wells and Carr answered, counterclaimed, and filed third-party claims. BFI an *1060 swered and counterclaimed, alleging that Circle J had intentionally interfered with BFI’s business and contractual relations.
In March 2004, following settlement discussions among the parties, the trial court dismissed the claims against Wells and Carr and the counterclaims and third-party claims made by Wells and Carr, leaving only Circle J and BFI as parties in the action. On June 10, 2004, Circle J filed a motion to compel BFI to respond to discovery requests. Circle J’s ' motion also moved for sanctions to be levied against BFI for failing to comply with the trial court’s discovery orders and for failing to respond to discovery requests. On June 21, 2004, Circle J filed a motion to enforce an alleged settlement agreement between Circle J and BFI. On September 2, 2004, following two hearings on the motions, the trial court entered a judgment enforcing an alleged settlement agreement between Circle J and BFI. The judgment stated, in pertinent part:
“1. ... [T]he attorney for [BFI] admitted in open court on the record that he agreed to settle this litigation by paying [Circle J] $10,000.
“2. ... [T]he settlement was reflected by correspondence between attorneys involved in representing various parties to this litigation....
“3. ... [BFI] failed to provide discovery to [Circle J] despite motions to compel, correspondence and orders of this Court and is thus subject to sanctions by this Court pursuant to Rule 37(b), [Ala. R. Civ. PJ ...
“[T]his Court orders as follows:
“1. That the motion to enforce the agreed to settlement in the amount of $10,000 is granted.
“2. Based on the judgment, BFI’s failure to provide discovery despite being ordered to do so by this Court, is now inconsequential.”
BFI appealed the judgment to the supreme court, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975. Because the trial court did not receive ore tenus evidence, we review the trial court’s judgment without a presumption of correctness. Phillips v. Knight, 559 So.2d 564, 567 (Ala.1990).
On appeal, BFI argues that there was not a valid settlement agreement between itself and Circle J. Section 34-3-21, Ala.Code 1975, provides: “An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court.” Section 34-3-21 is employed to “review! ] the validity of settlement agreements reached in the trial court.” Ex parte Sims, 627 So.2d 380, 382 (Ala.1993). The record indicates that the attorneys for BFI and Circle J did not execute a written settlement agreement. Although the trial court’s judgment states that a settlement agreement between BFI and Circle J was “reflected by correspondence between attorneys involved in representing various parties to this litigation,” that correspondence reflects only that the claims and counterclaims between Circle J, on the one hand, and Wells and Carr, on the other, were settled. That correspondence only suggests that BFI and Circle J were on the verge of settling their claims against each other and does not constitute a written settlement agreement between those two parties. At issue, therefore, is whether BFI’s attorney, through statements that he made in open court, bound BFI to a settlement agreement “by an entry ... made on the minutes of the court.” § 34-3-21, Ala.Code 1975.
On June 22, 2004, BFI’s attorney and Circle J’s attorney were present at a hear *1061 ing on Circle J’s motion to compel BFI to respond to discovery requests. During that hearing, the attorneys and the trial judge discussed whether a settlement had previously been reached between BFI and Circle J:
“THE COURT: Did y’all reach a settlement in this case?
“[BFI’S ATTORNEY]: Yes, and I can finish it up if—
“THE COURT: Did you reach a settlement in the case?
“[CIRCLE J’S ATTORNEY]: Yes, we did.
“[BFI’S ATTORNEY]: Judge, a tentative settlement in August [2003]....
[[Image here]]
“THE COURT: ... Did ya’ll have a settlement?
“[BFI’S ATTORNEY]: Not reduced to writing, Judge.”
On July 12, 2004, the attorneys for BFI and Circle J were again present at a hearing before the trial court. At the hearing, BFI’s attorney stated that BFI and Circle J had previously agreed to a “tentative oral settlement.” BFI’s attorney also stated that certain conditions of the “tentative oral settlement” had never been reduced to writing and that he had “anticipated that there would be a dispute between Circle J and [BFI] regarding the language of one of the conditions.” At the conclusion of the hearing, the trial court concluded that a settlement agreement had been reached between BFI and Circle J.
The record indicates that BFI’s attorney did not make an agreement in open court on behalf of his client BFI at the hearings of June 22 and July 12. Instead, the record indicates that BFI’s attorney stated at the hearings that there had been a previous, out-of-court, “tentative oral settlement” between BFI and Circle J. The acknowledgment by BFI’s attorney of such an agreement did not bind BFI under § 34-3-21; The record reveals that BFI’s attorney and Circle J’s attorney, while in open court, never agreed to settle their claims against each other. The requirements set out in § 34-3-21 were not met in this case, and the trial court erred by enforcing the alleged settlement agreement. As in Phillips, “[t]here is no evidence that the agreement was in writing, [ ] or that the agreement was made in open court or at a pre-trial conference.” 559 So.2d at 568. “[Therefore, ... the trial court erred, as a matter of law, in granting the motion to enforce the settlement agreement.” 559 So.2d at 569.
BFI also argues that the trial court abused its discretion by finding that BFI had failed to provide discovery responses and was thus subject to sanctions. Although the trial court’s judgment states that BFI “is subject to sanctions,” the judgment did not actually impose sanctions. A trial court’s rulings on discovery matters will be reversed only upon a showing of abuse of discretion and substantial harm to the appellant. Wolff v. Colonial Bank, 612 So.2d 1146, 1146 (Ala.1992). BFI fails to show how a judgment merely stating that BFI is “subject to sanctions,” but not actually levying sanctions, is an abuse of discretion or has caused BFI substantial harm. We therefore do not address this argument any further.
We reverse the trial court’s judgment, and we remand the case to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.