Mrs. Reeves brought this action against Orkin Exterminating Company for fraud and breach of contract. Her complaint alleged that Orkin had breached an agreement to rid her home of termites. The case was called and a jury impaneled. Last minute negotiations were commenced and a settlement was announced to the court by counsel for both parties. Upon being informed of the agreement, the trial court released the assembled witnesses and the jury.
Several days later, Mrs. Reeves contacted the court and informed it that she did not wish to be bound by the agreement entered into on her behalf. The court advised her that it would be necessary for her or her lawyer to file a motion in order for the court to consider granting her relief from the agreement. Mrs. Reeves asked her attorney to withdraw from the case. He filed a motion seeking to withdraw, which was granted.
When Orkin made a tender pursuant to the agreement, Mrs. Reeves refused to accept it and Orkin filed a motion seeking to enforce the agreement against her. Orkin's motion was set for hearing. On the appointed day, Mrs. Reeves contacted the court and stated that the new lawyer she intended to hire was unable to attend the hearing due to a conflict. In order to accommodate Mrs. Reeves, the court continued the hearing for five days. At that time a hearing was held at which Mrs. Reeves appeared pro se.
Mrs. Reeves, the attorney who had previously represented her, and the attorney who had represented Orkin in the negotiations culminating in the agreement in question all testified at the hearing. Mrs. Reeves and the attorney who had represented her had a difference of opinion as to whether she had freely assented to the terms of the settlement. While her testimony at the hearing was somewhat confused, it appears to us from a reading of the transcript that she claimed to have been coerced into assenting to the agreement. She testified that her lawyer harassed her and that after she was "worn down" she told him to "go ahead, tell them anything you want." The attorney who had represented Mrs. Reeves denied pressuring her into accepting the settlement offer and testified that she had freely assented to the terms of the agreement.
The judge and the two lawyers involved testified about the events leading up to the settlement. They related a lengthy discussion about the case which took place at a pre-trial conference, where the facts of the case and the applicable law were discussed. While it appeared that Mrs. Reeves would have been able to prove that termite damage had occurred, there was some question as to how much of the damage occurred after the agreement with Orkin was executed. There was also damage caused by other kinds of insects, for which Orkin was not responsible. Orkin had spent several thousand dollars making repairs to the property, and Mrs. Reeves had spent $1,700.00 on repairs. Because of a lack of *Page 404 
evidence that Orkin entered into the extermination contract with the intention not to perform, and due to the problems associated with trying to separate the damage for which Orkin was responsible from that for which it was not, Mrs. Reeve's attorney was of the opinion that he would be able to prove only $1,700.00 worth of damages at a trial of the case. Prior to the trial date, Orkin had offered Mrs. Reeves $2,000.00 to settle the case. On the morning that the case was to have gone to trial, Orkin authorized its attorney to increase its offer to $3,000.00 in order to avoid the expense of litigating the suit.
On September 27, 1983, the court granted Orkin's motion and entered a final judgment based on the disputed agreement. On October 26 an attorney not previously involved in the case filed a motion on Mrs. Reeve's behalf entitled "Motion For Reconsideration," seeking relief from the judgment. That motion was denied. On January 12, 1984, Mrs. Reeves's attorney filed a Rule 60 (b), A.R.Civ.P., motion seeking relief from the judgment and as grounds for her motion alleged:
1. That the court's final order, judgment, or decree was based upon a mistake and misunderstanding by and among the plaintiff, her attorney, and defendant's attorney, and the court.
2. That the order, judgment or decree was not equitable in that the plaintiff was not adequately compensated for the damages she suffered.
The trial court denied the motion, and Mrs. Reeves appeals.
An attorney representing a party to a lawsuit has the authority to bind his client by any agreement made in relation to that proceeding which is either made in writing or "by an entry to be made on the minutes of the court." Section 34-3-21, Code of Alabama, 1975. In this case, Mrs. Reeves's attorney entered into an agreement on her behalf, and that agreement formed the basis of the judgment dated September 27, 1983. Mrs. Reeves can no longer attack the validity of the agreement, because she failed to appeal from the judgment enforcing the agreement against her.
It is clear that the trial court did not abuse its discretion in denying the Rule 60 (b) motion. Appellant has cited no cases to us where a court has ruled that a judgment rendered under circumstances similar to those existing here constituted a "mistake" within the meaning of Rule 60 (b)(1). See 7 J. Moore,Moore's Federal Practice, ¶ 60.22[2] (2d ed., 1983). Moreover, there is no evidence in the record to support Mrs. Reeves's allegations that she suffered any damages in excess of $3,000.00. To the contrary, there is considerable evidence to support her prior attorney's opinion that, had the case gone to trial, Mrs. Reeves would have been able to prove only $1,700.00 of damages. Under these facts, Mrs. Reeves was not entitled to relief from the judgment for "any other reason justifying relief" under Rule 60 (b)(6).
The denial of the plaintiff's motion is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.