ROBERT P. BRADLEY, Retired Appellate Judge.
This is an unlawful detainer case.
Bob Evans is the owner of a certain piece of residential real estate which was leased to George and Betty Bush for a period of one year beginning on April 1, 1989. The property was leased through a real estate entity known as Classic Southern Homes (Classic Southern).
After the first year ended, the Bushes held over possession of the premises. In June 1991 Evans filed suit against the Bushes in district court to recover possession of the premises. The district court subsequently ordered the Bushes to vacate the premises, and the case was appealed to the circuit court. The Bushes then filed an answer to the original complaint, alleging that their lease did not expire until April 1992. After a hearing on the complaint, *953 the court ordered the Bushes to return possession of the premises to Evans and to pay back rent of $1,500. The Bushes filed an appeal to this court on August 26, 1991.
The record shows that after the notice of appeal was filed to this court and bond was duly posted the attorneys for the parties arrived at an oral settlement agreement whereby the Bushes would pay the back rent due and would vacate the premises by October 31, 1991. Evans’s counsel then sent two letters to the Bushes’ counsel, who confirmed the settlement by a reply letter. However, the Bushes did not tender the required payment for rent and did not vacate the premises.
On November 16, 1991 Evans’s counsel filed a motion to enforce the settlement and evict the Bushes. The circuit court granted this motion and entered an eviction order which was subsequently set aside. However, another eviction order was entered shortly thereafter. The record does not show whether this order was ever carried out.
Evans argues that the Bushes’ appeal is due to be dismissed as moot in view of the postjudgment agreement between the parties and the court’s eviction order.
We recognize that there is a strong policy of law favoring compromises and settlements of litigation between the conflicting parties. Porter v. Porter, 441 So.2d 921 (Ala.Civ.App.1983). However, such an agreement must meet the requirements of Rule 47, Alabama Rules of Appellate Procedure, which provides as follows:
“No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby; provided, however, agreements made in open court or at pretrial conferences are binding, whether such agreements are oral or written.”
In this case, the settlement between the parties was negotiated by their respective attorneys, who reduced the terms of the agreement to writing in correspondence between themselves. However, there is nothing in the record to suggest that the agreement was ever reduced to a writing that was signed by the party to be charged, nor was the agreement brought forth in open court. Because the agreement was not made in compliance with Rule 47, it could not be binding upon the parties or enforced by the trial court. Consequently, the court’s order granting Evans’s motion to enforce the agreement, and its subsequent order of eviction based on the agreement, are nullities. The appeal filed by the Bushes remains before this court, unaffected by the parties’ deficient agreement. The motion to dismiss the appeal is denied.
The primary issue on appeal is whether the trial court erred in finding that the one-year lease executed by the parties was not effectively extended for two years past that time.
The evidence in the record reveals the following: In 1989 Classic Southern entered into a contract with Evans to manage the property in question. As Evans’s agent, Classic Southern leased the premises in question to the Bushes for one year, beginning April 1, 1989. According to its terms, the lease could be renewed from year to year if the Bushes gave notice of renewal within 30 days of the end of the lease term.
Prior to the expiration of the original lease, the Bushes asked Classic Southern to extend the lease for a period of two years. Dorothy Simpson, a manager for Classic Southern, made a note of this extension at the bottom of the original lease and Mr. Bush signed it. Simpson then contacted Evans for his approval of the extended lease. Evans refused to approve the two-year extension and instructed Simpson to void the addendum on the original lease. Evans gave his permission to extend the lease by only one year.
To comply with Evans’s instructions, the manager wrote “VOID by owner” above Mr. Bush’s signature on the addendum at the bottom of the extended lease and then drafted a new lease for one year. Mrs. Bush signed this document but her husband refused to do so. However, the Bushes remained in possession of the property thereafter.
*954 In March 1991 the Bushes received a letter from Classic Southern, informing them that Evans was returning to town and would occupy the property effective June 1, 1991. The letter stated that “according to the terms of your month to month lease, only 30 days notification are required however, the owners have allowed additional time to allow you to find a home and make the move itself.” The Bushes did not vacate the premises as requested and this lawsuit ensued.
The Bushes argue that Classic Southern was an authorized agent for Evans and, in that capacity, executed a valid twenty-four month extension to the original lease. The Bushes claim that this lease was in effect until April 1992 and, thus, the elements of unlawful detainer were not met. To support their argument, the Bushes point out that a principal is liable for the acts of his agent done in the interest of and prosecution of the principal’s business, if the agent is acting within the scope of his employment. Cordes v. Wooten, 476 So.2d 89 (Ala.1985). The Bushes conclude that Classic Southern had implied or apparent authority to execute the extended lease and could not void it as directed by Evans.
By definition, a two-year extension on a lease falls within the requirements of the statute of frauds, codified at § 8-9-2, Code 1975. Where the statute of frauds applies, a contract made by an agent without authority in writing from his principal is void unless ratified by the principal. Cammorata v. Woodruff, 445 So.2d 867 (Ala.1983). See also Whaley v. Wynn, 208 Ala. 342, 95 So. 16 (1922) (an agent cannot renew a lease for more than a year without written authority from the principal). Theories of implied and apparent authority of an agent are not applicable to a situation which falls within the statute of frauds. Cammorata.
At trial, the Bushes failed to present the management agreement between Classic Southern and Evans, to define the scope of Classic Southern’s actual authority to lease the premises. Diana Simpson, a real estate broker for Classic Southern, could not recall whether the agreement authorized the company to execute leases for periods beyond one year. Evans testified that he authorized Classic Southern to execute one-year leases only.
The plain language of the lease agreement signed by the Bushes states that the lease can be renewed only on a year-to-year basis. There is no provision in the lease whereby Classic Southern could extend the lease period for twenty-four months, nor is there any evidence that Classic Southern was given written authority by Evans to do so. It is uncontroverted that Evans never ratified the attempted extension. Accordingly, we must conclude that the extension violated § 8-9-2 and was therefore without effect.
As stated, the Bushes did remain in possession of the premises for one year beyond the original lease term, with Evans’s approval. Classic Southern properly notified the Bushes in March 1991 that the lease could not be renewed for another year and that they would be required to vacate the premises by June 1991. To award both possession of the premises and damages in an unlawful detainer case, it must be shown that the landlord gave the tenant notice that the lease had expired and made a demand for possession. Merchant’s Nat’l Bank v. Steiner, 404 So.2d 14 (Ala.1981). These elements have been established in this case; thus, we find no error in the trial court’s judgment against the Bushes’ unlawful detainer of Evans’s home. It is therefore affirmed.
The appellee has requested an award of attorney’s fees on appeal. There being no legal authority to support such an award, the request is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. .