ROBERT P. BRADLEY, Retired Appellate Judge.
In 1984 Willie J. Dunn and his mother, Leila Dunn, filed a negligence action against Wilma D. Sims for damages arising from a car accident between the parties. Dunn initially engaged Paul Phillips to represent him in the matter, and Phillips subsequently associated another attorney, Greg Wood. In 1988 Leila Dunn died from causes unrelated to the accident.
In May 1990 Wood negotiated a proposed settlement agreement with Sims’s attorney, providing that Sims would pay $6,200 damages to Dunn and $300 to his mother’s estate. The case was set for trial on May 28. On May 25 the proposed settlement agreement was reduced to writing and signed by Dunn and his attorneys. On May 28 Dunn’s attorney appeared before the trial court to present the proposed agreement and the trial date was apparently canceled. Dunn himself went before the court later that same day and vigorously refused to be bound by the agreement.
Shortly thereafter, both Wood and Phillips filed motions to withdraw as Dunn’s counsel and filed attorney’s liens to collect the fees due to them under the proposed settlement agreement. The motions were granted. Acting pro se, Dunn continued to litigate the case and Sims continued her defense, with both parties filing various motions and proceeding with discovery. However, after one year, Sims’s attorney filed a motion to enforce the proposed settlement and Dunn filed motions in opposition. Following an ore ten-us proceeding, the trial court entered an order enforcing the written settlement agreement. Dunn’s post-judgment motions were denied and he appeals.
The dispositive issue before us is whether the trial court erred in enforcing the settlement agreement drawn up by Dunn’s attorney.
Rule 47, Alabama Rules of Appellate Procedure, provides as follows:
“No private agreement or consent between parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby; provided, however, agreements made in open court or at pretrial conferences are binding, whether such agreements are oral or written.”
In this case the signature requirement of Rule 47 has not been met. The settlement document was drafted by Dunn’s attorneys, and signed only by them and Dunn. The record shows that more than a year passed before Sims’s attorney even knew that the agreement had been reduced to writing. Accordingly, the settlement cannot be valid under Rule 47 unless it was properly made in open court or pretrial conference.
*380 For purposes of the rule, “open court” means a proceeding where there are formal entries made, if only in minutes or bench notes, to record the critical litigation events and thus have available a transcript that is beyond dispute. Bowman v. Integrity Credit Corp., 507 So.2d 104 (Ala.Civ.App. 1987). When there is no record of the alleged agreement in the reporter’s transcript, nor on the docket sheet, nor in the minute entry or judgment entry, the agreement does not fall within the requirements of Rule 47. Bowman. Moreover, an agreement of the parties that is not reduced to a court order does not constitute an adjudication of a pending claim. Rudolph v. First S. Fed. Sav. & Loan, 414 So.2d 64 (Ala.1982).
In this case Greg Wood testified that he went into open court on May 28, informed the trial court that Dunn’s case had been settled on May 25, and thereby canceled the trial date that was scheduled. However, there is no transcript of this appearance, and the record does not show whether Sims’s attorney was present. The case action summary sheet contains only the following entry: “5-25-90: proposed settlement agreement.” There is no notation elsewhere in the record concerning an appearance by either Wood or Dunn in regards to the settlement, nor is there any further mention of the agreement itself. The trial court never entered an order ratifying the settlement or dismissing the case, and the record contains no bench notes or other evidence to show that the court intended to do so.
The court subsequently granted the motions of Dunn’s attorneys to withdraw from the case and to attach attorneys’ liens to collect their fees. However, the court made the hens “contingent upon the outcome of the case being favorable to the Plaintiff.” Obviously, the outcome of a settled ease is not in question; thus, the language of the court’s order clearly indicates that the case was still pending at that time. The court granted Dunn’s motion to act in his own behalf, then continued to hear and rule upon various motions filed in the case by both Dunn and Sims’s attorney for an entire year after the settlement agreement was allegedly made in open court.
After reviewing the record in full, we must conclude that the requirements of a valid settlement agreement were not met in this case. The written document was not properly executed, i.e. not signed by the party to be charged, and the record does not contain the necessary indicia of a settlement reached in open court. As noted on the case action summary sheet, the agreement was never more than a proposed settlement; thus, under Rule 47 it cannot now be “alleged or suggested” by either party against the other. Accordingly, we hold that the trial court erred in granting Sims’s motion to enforce the written agreement. The court’s judgment is reversed and the cause remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.