**Bobby SPURLOCK, Plaintiff,**

v.

**PIONEER FINANCIAL SERVICES, INC., et al., Defendants.**

**Civ. A. No. 90–D–840–N.**

United States District Court, M.D. Alabama, N.D.

Oct. 28, 1992.

## ORDER

De MENT, District Judge.

Now before the court is the recommendation of the Magistrate Judge, entered on July 20, 1992. Respondents filed objections to the Magistrate's Recommendation on July 29, 1992. Upon an independent evaluation of this matter, the court adopts the facts as set out in the Magistrate's recommendation and adopts the Magistrate's reasoning and conclusions as to the plaintiff's fraudulent inducement claim. However, the court declines to adopt the Magistrate's reasoning or conclusion as related to the defendants' motion to enforce the settlement agreement. For the following reasons, the court determines that the defendants' motion to enforce the settlement agreement is due to be granted and the settlement is due to be enforced.

### BACKGROUND

On May 22, 1991, Magistrate Judge Coody entered a recommendation that the defendants' motion to enforce the settlement agreement should be denied. In the recommendation, he relied on Rule 47 of the Alabama Rules of Appellate Procedure. The defendants objected to this recommendation.

In an order dated August 28, 1991, District Judge Thompson declined to accept the recommendation. He reasoned that section 34–3–21 of the Alabama Code should govern the enforcement of settlement agreements reached prior to trial. Instead of overruling the recommendation, Judge Thompson referred the matter back to Judge Coody for "further appropriate proceedings" consistent with the order.

On July 20, 1992, Judge Coody issued a second recommendation. Again, he found

that Rule 47 of the Alabama Rules of Appellate Procedure was the controlling statute, relying this time upon cases which were handed down by the Alabama Court of Civil Appeals after Judge Thompson's order. Again, the defendants have filed objections to the recommendation.

## DISCUSSION

■ As correctly stated by the Magistrate Judge, because this is a diversity case, Alabama law controls the construction and effect of the settlement agreement. Rule 47 of the Alabama Rules of Appellate Procedure requires that a settlement agreement be in writing and "signed by the party bound thereby."[1] In contrast, section 34–3–21 of the Alabama Code does not require a settlement agreement to be signed by the parties.[2]

At first the matter appears deceptively simple. Rule 1 of the Alabama Rules of Appellate Procedure states that "[t]hese rules govern appeals to the Supreme Court, the Court of Civil Appeals and the Court of Criminal Appeals, and proceedings on petitions for writs or other relief which these judges are empowered to grant." On the other hand, section 34–3–21 states that it governs settlement agreements "in any action or proceeding." Thus it would seem that Rule 47 would govern settlement agreements reached while the matter is on appeal, while section 34–3–21 would govern settlement agreements reached while the case is still at the trial level.

In general, this appears to be the practice. There are several cases in which the Alabama Supreme Court reviewed the finding of a settlement agreement's validity, referring solely to section 34–3–21, without any mention of Rule 47. *See, e.g., Beverly v. Chandler,* 564 So.2d 922, 923 (Ala.1990); *King v. Travelers Ins. Co.,* 513 So.2d 1023, 1026 (Ala.1987); *Reeves v. Orkin Exterminating Co.,* 457 So.2d 402, 404 (Ala.1984). In at least one case where the settlement agreement was reached while the case was on appeal, the appellate court applied Rule 47 to review the settlement's validity. *See, e.g., Bush v. Evans,* 598 So.2d 952, 953 (Ala.Civ.App.1992). The one case which mentions both statutes, *Phillips v. Knight,* 559 So.2d 564, 568 (Ala.1990), does not resolve the arguable conflict between the appellate rule and the statute. In *Phillips* there was no written agreement, either signed or unsigned, so the oral agreement would have been invalid under either rule.[3]

The Magistrate Judge cites a recent case, *Dunn v. Sims,* No. 2910348, 1992 WL 80778, 1992 Ala.Civ.App. LEXIS 191 (Ala.

---

1. Appellate Rule 47 reads:

   No private agreement or consent between the parties or their attorneys relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing and signed by the party to be bound thereby; provided, however, that agreements made in open court or at pretrial conferences are binding, whether such agreements are oral or written.

   Ala.R.App.P. 47.

2. Section 34–3–21 states that "an attorney has the authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." The Alabama Supreme Court has several times enforced a settlement agreement against a party when the agreement was entered into by the party's attorney and was not signed by the party. *See, e.g., Beverly v. Chandler,* 564 So.2d 922, 923 (Ala. 1990).

3. If six words were added to the appellate rule, it would be compatible with section 34–3–21, viz.:

   No private agreement or consent between the parties or their attorneys relating to the proceedings in any cause, shall be alleged or suggested by either against the other, [*while said cause is on appeal*] unless the same be in writing and signed by the party to be bound thereby; provided, however, that agreements made in open court or at pretrial conferences are binding, whether such agreements are oral or written.

   Because Appellate Rule 1 specifically limits the application of the appellate rules to matters which are on appeal, the court believes that the reading suggested above is the one which comports best with the language of the appellate rules and with the standard procedure among lawyers and courts.

   The "agreements made in open court or at pretrial conferences," which need not be written refer to agreements made on the record in the court below (whether taken by a court reporter or noted by the trial judge on his or her docket sheet), before the appellate court itself (if this has ever happened) or at a pretrial conference where the court might have entered the fact or terms of a settlement on the agreed-to or proposed pretrial order.

Civ.App. April 24, 1992) (writ of certiorari granted on August 25, 1992) for the proposition that Rule 47 can control cases which are not on appeal. The *Dunn* court, without referring to section 34-3-21 or referring to any judicial precedent, held a settlement agreement invalid because it had not been signed by both parties.[4]

█ With the greatest deference to the Alabama Court of Civil Appeals and in particular deference to the learned judge who wrote the opinion in *Dunn*, the court does not believe that *Dunn* is a correct statement of Alabama law. While the applicability of the statute and the appellate rule is not settled, given the plain meaning of the appellate rules and of the statute and given the holdings of several cases decided by the state's highest court, it appears that section 34-3-21 controls the making of settlement agreements which are entered into before the case is appealed.[5] Because the parties complied with the requirements of section 34-3-21, the court finds that the settlement agreement entered into is a valid agreement and is enforceable.

Accordingly, it is CONSIDERED and ORDERED that the defendants' motion be and the same is hereby GRANTED. The parties are DIRECTED to abide by the terms and conditions of the settlement agreement.

---

**4.** In *Dunn*, plaintiff's counsel negotiated a proposed settlement agreement with the defendant's attorney. The agreement was later reduced to writing by the plaintiff's attorney, evidently without consulting the defendant's lawyer. The document was signed by plaintiff Willie Dunn and his attorneys. Three days later, Dunn himself went before the trial court and repudiated the agreement. Both parties then proceeded with discovery and continued to file motions. After a year had passed, the defendant filed a motion to enforce the settlement. The trial court granted the motion. *Id.* 1992 WL 80778 at *1, 1992 Ala.Civ.App. LEXIS 191 at *1.

On appeal, the *Dunn* court, without mentioning section 34-3-21, held the settlement agreement invalid because it was not signed in accordance with Rule 47. In so ruling, the appellate court seemed to find compelling the fact that the defendant did not know that the proposed settlement agreement had been reduced to writing. *Id.* 1992 WL 80778 at *1–2, 1992 Ala.Civ. App. LEXIS 191 at *2.

**5.** Although it may be unusual, it is permissible for a federal court to reject the reasoning of a state appellate court decision where that decision appears to be contradictory to that court's other decisions. *See, e.g., Fondren v. Allstate Ins. Co.*, 790 F.2d 1533, 1535 n. 4 (11th Cir.1986) (rejecting the reasoning of an Alabama Supreme Court case where it "flatly contradicts" other cases and where it "does not appear to be a correct statement of Alabama law").