We granted the writ of certiorari to review the holding by the Court of Civil Appeals that settlement agreements entered into in the trial court are controlled by the provisions of Rule 47, Ala.R.App.P., and that the settlement agreement signed by Willie J. Dunn, the respondent here, and his attorney, was invalid because "[t]he written document was not properly executed, i.e., not signed by the party to be charged, and the record does not contain the necessary indicia of a settlement reached in open court." Dunn v. Sims, 627 So.2d 378
(Ala.Civ.App. 1992). We hold that the Court of Civil Appeals has misapplied the law, and we reverse and remand.
The background facts are recited in the opinion of the Court of Civil Appeals and need not be repeated here. However, we briefly set out the facts that are relevant to an understanding of the legal issue presented. Willie J. Dunn and his mother, Leila Dunn, filed a negligence action against Wilma D. Sims; that action arose out of an automobile accident. Leila Dunn later died from unrelated causes. Willie J. Dunn's attorneys negotiated a proposed settlement agreement with Sims's attorney. Dunn's attorneys reduced the agreement to writing, and Dunn and his attorneys signed it. The trial court subsequently enforced the written settlement agreement, and Dunn appealed to the Court of Civil Appeals. Notwithstanding the fact that the settlement agreement was entered into in the trial court, the Court of Civil Appeals applied the provisions of Rule 47, Ala.R.App.P., and concluded that the requirements of a valid settlement agreement had not been met, and that court reversed the judgment.
There may be some confusion among the bench and bar regarding whether Rule 47, Ala.R.App.P., applies to settlement agreements reached at the trial level. We take this opportunity to harmonize the cases and to guide the bench and bar in future cases.[1]
Rule 47, Ala.R.App.P., provides: *Page 382 
 "No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby; provided, however, agreements made in open court or at pretrial conferences are binding, whether such agreements are oral or written."
This Court and the Court of Civil Appeals have not applied Rule 47 consistently. See, e.g., Wright v. Fountain,454 So.2d 520 (Ala. 1984); Anonymous v. Anonymous, 353 So.2d 515 (Ala. 1977); Bowman v. Integrity Credit Corp., 507 So.2d 104
(Ala.Civ.App. 1987). Neither this Court nor the Court of Civil Appeals, insofar as we can ascertain, has discussed or applied Rule 47 in light of Rule 1, Ala.R.App.P., which specifically provides that the Rules of Appellate Procedure apply only to cases on appeal. Moreover, as noted by the Honorable Ira DeMent, United States district judge, in Spurlock v. PioneerFinancial Services, Inc., 808 F. Supp. 782 (M.D.Ala. 1992), this Court has, on several occasions, reviewed the validity of settlement agreements reached in the trial court and has on those occasions applied the provisions of Ala. Code 1975, §34-3-21, without mentioning Rule 47. See Spurlock,808 F. Supp. at 783, citing Beverly v. Chandler, 564 So.2d 922, 923 (Ala. 1990); King v. Travelers Ins. Co., 513 So.2d 1023, 1026 (Ala. 1987); Reeves v. Orkin Exterminating Co., 457 So.2d 402, 404
(Ala. 1984).
Section 34-3-21 provides: "An attorney has authority to bind his client in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." In Spurlock, Judge DeMent refused to follow the reasoning of the Court of Civil Appeals in this case, and held instead that "it would seem that Rule 47 would govern settlement agreements reached while the matter is on appeal, while section 34-3-21 would govern settlement agreements reached while the case is still at the trial level."808 F. Supp. at 783. We agree with that interpretation.
The settlement agreement in this case meets the requirements of § 34-3-21 and is due to be enforced. Consequently, the judgment of the Court of Civil Appeals is due to be reversed and the cause remanded with instructions to enter an appropriate order.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOUSTON, KENNEDY and INGRAM, JJ., concur.
SHORES and ADAMS, JJ., concur in the result.
[1] Pioneer Financial Services, Inc., has filed an amicus curiae brief in this case asking us to hold that Rule 47, A.R.App.P., applies only to agreements reached in cases on appeal and that the provisions of Ala. Code 1975, § 34-3-21, apply to agreements reached in cases in the trial court.