Emanuel Mays appeals from the trial court's order denying his motion to enforce a settlement agreement and from a summary judgment insofar as it relates to any of the three defendants he had sued.
Mays sued his employer, Focus Management, Inc.; Julian LeCraw and Company, Inc.; and Johnny Richey, on October 6, 1999. His complaint alleged retaliatory discharge (relying on § 25-5-11.1, Ala. 1975), conspiracy, and intentional interference with business relations. Focus Management managed the Valley Ridge Apartments complex in Homewood. Mays was employed as a maintenance and "punch-out" technician at that complex. The Julian LeCraw firm ("LeCraw") assumed the managerial duties at the complex on August 10, 1999. Richey was Mays's supervisor at the complex.
The Defendants answered the complaint, and the parties commenced discovery. Although it is not clear from the record when, at some point Mays filed a complaint with the Equal Employment Opportunity Commission ("EEOC") arising from his employment with Focus Management and LeCraw.
On May 4, 2000, counsel for Mays wrote the following letter to counsel for LeCraw and Focus Management:
"RE: Emanuel Mays v. John Richey, Et Al.
Case No: CV 99-05675
"Dear Jenna and Steve:
 "Prior to requesting dates to depose Bud Phillips, Ralph Williams, and the other two principals who attended the August 10, 1999, meeting between the representatives of Julian LeCraw and the employees at the Valley Ridge Apartments, I wanted to tell you that I will recommend that Mr. Mays accept $7,500.00 in full and final settlement of all claims and potential claims he has. I will await your response before insisting on further deposition dates and before filing the discovery motions that are necessary for us to have a complete set of the documents and information necessary to proceed."
This letter was signed by counsel for Mays. Correspondence and settlement negotiations between the parties continued. On June 14, 2000, counsel for Mays wrote the following letter to counsel for LeCraw:
"RE: Emanuel Mays v. John Richey, Et Al.
Case No: CV 99-05675
"Dear Jenna:
 "This confirms our conversation of June 13, 2000, wherein we agreed to settle the claims made in this lawsuit against [Focus Management and LeCraw] for the sum of $2,500.00 plus reimbursement for court costs. You will word the settlement agreement such that the damages paid do not represent wages.
 "If I am in anyway mistaken regarding the terms of the settlement, please let me know. Otherwise, I will look forward to the receipt of paperwork from you memorializing this formally."
This letter was signed by counsel for Mays and was copied to counsel for Focus Management.
On June 16, 2000, counsel for Julian LeCraw wrote the following letter to counsel *Page 553 
for Mays, in response to his letter of June 14, 2000:
 "Re: Emanuel Mays v. Julian LeCraw and Company, Inc., a corporation, et al.
In the Circuit Court of Jefferson County, Alabama.
Civil Action Number: CV 99-5675
Our File Number: 18007-116
"Dear Larry:
 "Please allow this letter to serve as confirmation we have resolved the aforementioned matter for both Defendants for $2,500.00 plus court costs. After speaking with your office, I understand the court costs totaled $212.00. Accordingly, Julian LeCraw will issue a check made payable to you as attorney for Emanuel Mays in the amount of $1,356.00."
The letter was signed by counsel for LeCraw. The defendants prepared a release and sent it to counsel for Mays to sign; by the terms of that release, Mays, in addition to releasing the claims that have been made the basis of this lawsuit, was also to release his EEOC claim against Focus Management and LeCraw.[1] On June 28, 2000, counsel for Mays wrote a letter to counsel for Focus Management, objecting to the release of the EEOC claim. The letter stated:
"RE: Emanuel Mays v. Focus Management, Inc., Et Al.
"Dear Steve:
 "We cannot sign the Release due to the fact that the only claims ever discussed for resolution were those in this lawsuit.
 "Attached is a copy of my previous letter to you and Jenna confirming that only the claims made in this lawsuit were settled.
"Please draw up a revised Release to that end."
The letter was signed by counsel for Mays and was copied to counsel for LeCraw.
On July 6, 2000, counsel for Mays wrote the following letter to counsel for Focus Management and LeCraw:
"RE: Emanuel Mays v. John Richey, Et Al.
Case No: CV 99-05675
"Dear Jenna and Steve:
 "I received the settlement draft from Steve, and have put it in my trust account where it will remain undisbursed until such time as the paperwork is all in order. I have written Steve requesting a Release that accurately reflects the terms of the settlement — that is, the money is exchanged for a dismissal of the claims made the subject of this lawsuit. I have not yet received paperwork or proceeds from Jenna.
 "Please let me know when we can anticipate the remaining proceeds as well as Releases that accurately reflect this settlement."
The letter was signed by counsel for Mays. Focus Management paid its share of the purported settlement and was dismissed from the lawsuit with prejudice. LeCraw paid Mays nothing.
On August 4, 2000, Mays moved the court to enforce the purported settlement agreement with LeCraw, arguing that the parties had reached a settlement of the claims made the basis of this lawsuit, by their letters of June 14, 2000, and June 16, 2000. LeCraw and Richey responded to the motion to enforce the settlement agreement on that same date, arguing that the parties had not entered into a binding settlement agreement because, they claimed, there had been no "meeting of the minds" between the parties as to the terms *Page 554 
of the settlement. LeCraw and Richey, on the same day they filed their response, moved for a summary judgment on the claims made the basis of the lawsuit.
On October 5, 2000, the trial court entered an order denying Mays's motion to enforce the settlement agreement and entered a summary judgment in favor of LeCraw and Richey on Mays's claims alleging retaliatory discharge, conspiracy, and interference with a business relation. Mays appeals from the summary judgment insofar as it relates to LeCraw.
Mays argues that the trial court erred in failing to enforce the settlement agreement, which he claims was clearly and expressly set forth in the letters exchanged between counsel for the parties. We initially note that the trial court heard no ore tenus evidence in this case; therefore, the ore tenus presumption of correctness does not apply. Exparte Horn, 718 So.2d 694 (Ala. 1998). Section 34-3-21, Ala. Code 1975, governs the validity and enforcement of settlement agreements reached between parties at the trial-court level. Ex parte Sims, 627 So.2d 380
(Ala. 1993). Section 34-3-21, Ala. Code 1975, provides: "An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." A settlement agreement entered into between the parties is binding and will be summarily enforced. ContractorSuccess Group, Inc. v. Service Thrust Organization, Inc., 681 So.2d 212
(Ala.Civ.App. 1996). "It is axiomatic, however, that the parties must first enter into a valid and binding settlement agreement before it will be enforced." Id., at 216. This court has stated:
 "The law in Alabama is clear in that agreements made in settlement of litigation are as binding on parties thereto as any other contract. A settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced.
 "When parties who are sui juris make a final settlement between themselves, such settlement is as binding on them in many respects as a decree of the court. However, such settlement may be opened for fraud, accident, or mistake.
". . . .
 "A valid compromise agreement is conclusive only as to those matters which the parties have fairly intended to include within its terms. It does not ordinarily include claims not known at the time of, or arising after, the settlement. Thus, a settlement of a claim is conclusive of all elements of the claim except those specifically reserved by the parties."
Nero v. Chastang, 358 So.2d 740, 743 (Ala.Civ.App. 1978) (citations omitted).
After carefully reviewing the record in this case, we conclude that the parties had entered into a binding settlement agreement to settle the claims made the basis of Mays's lawsuit and that the court erred in failing to enforce that agreement. In Mays's initial offer of settlement, memorialized in his letter of May 4, 2000, he offered to settle "all claims and [any] potential claims" that he had against Focus Management and LeCraw, for $7,500. Settlement negotiations continued between the parties, and it is evident from the record that they decided to settle fewer than all the claims and for less money. On June 14, 2000, counsel for Mays sent a letter to counsel for LeCraw, to confirm a conversation whereby the parties had agreed to settle the "claims made in this lawsuit" against the defendants for $2,500. This letter specifically used the phrase "claims made in this lawsuit," rather that *Page 555 
the broader and more inclusive phrase "all claims and [any] potential claims," which had been used in the initial letter. The letter also specifically referred to the lawsuit styled "Emanuel Mays v. John Richey, Et Al." with the case number "CV-99-05675."[2] Counsel for Mays also requested that counsel for LeCraw notify him if he was in any way mistaken as to the terms of the settlement.
Rather than inform counsel for Mays of any mistake as to the terms of the settlement stated in the letter of June 14, 2000, counsel for LeCraw responded by letter on June 16, 2000, stating, "Please allow this letter to serve as confirmation we have resolved the aforementioned matter for both Defendants for $2,500 plus court costs." This letter specifically references the case styled "Emanuel Mays v. Julian LeCraw and Company, Inc., a corporation, et al." with the case number "CV-99-5675." The letter also states that LeCraw would issue a check made payable to counsel for Mays in the amount of $1,356 representing LeCraw's share of the settlement proceeds.
We conclude that these two letters between the parties indicate that they had reached a "meeting of the minds" to settle the claims made the basis of Mays's lawsuit carrying case number CV-99-05675. See Phillipsv. Knight, 559 So.2d 564 (Ala. 1990). These letters were signed by counsel representing the parties, and they represent a binding and enforceable settlement agreement. See Contractor Success Group, supra.
Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Crawley, Thompson, Pittman, and Murdock, JJ., concur.
[1] No copy of this release appears in the record.
[2] Mays's complaint against Focus Management, Lecraw, and Richey, alleging retaliatory discharge, conspiracy, and intentional interference with a business relation, had been assigned case number CV-99-05675.