Yvonne Harris appealed from an April 8, 2004, order of the trial court enforcing a settlement agreement between Harris, on the one hand, and Cotton States Mutual Insurance Company, Buddy Borland, and Bill Phillips, on the other, and directing her to execute the settlement documents. She also appealed from the trial court's May 17, 2004, order dismissing her claims against Mike Preskitt.[1] Because Mr. Install, *Page 10 
Inc.,[2] had never been served, the May 17, 2004, dismissal order disposed of all of Harris's pending claims, and, therefore, it constituted a final judgment.
Harris sued Cotton States, Borland, Phillips, Preskitt, and Mr. Install alleging forgery; fraudulent suppression; civil conspiracy; negligent hiring, training, and supervision; fraud or deceit; and retaliation. Cotton States and Phillips answered and asserted various affirmative defenses. Borland answered and asserted affirmative defenses.
On September 16, 2003, Preskitt answered the complaint. On December 15, 2003, Harris amended her complaint to change the factual allegations rather than the legal theories of the complaint. On January 29, 2004, the attorney representing Cotton States and Phillips wrote the following letter to Christmas Green, one of the attorneys representing Harris:
 "RE: Yvonne Harris v. Cotton States Mutual Insurance Company, et al.
"CV-030-1646
"Dear Christmas:
 "This will confirm our oral conversation on January 29, 2004, wherein you informed me that your client Ms. Harris has agreed to accept our offer of $35,000.00, all inclusive of costs, in settlement of the above-referenced matter as against all defendants. I have this day requested a check in the amount of $35,000.00 to be made payable to `Yvonne Harris and her attorneys, Chestnut, Sanders, Sanders, Petaway Campbell, L.L.C.'
". . . .
 "Upon receipt of the check, I will draft the appropriate General Release and Settlement Agreement along with a Joint Stipulation for Dismissal with Prejudice so we can proceed to consummate this settlement."
A copy of this correspondence was also sent to the attorney representing Borland. On February 9, 2004, the attorney representing Cotton States and Phillips wrote the following letter to Christmas Green:
 "RE: Yvonne Harris v. Cotton States Mutual Insurance Company, et al.
"CV-030-1646
"Dear Christmas:
"Enclosed please find the following:
 "1. A check in the amount of $35,000.00 made payable to Ms. Harris and your firm;
 "2. An original of a General Release and Settlement Agreement; and
 "3. An original of Joint Stipulation for Dismissal with Prejudice.
 "I would request that you please have Ms. Harris execute the General Release and Settlement Agreement, have her signature acknowledged and you sign on the approval line. I would further request that you execute the original of the Joint Stipulation for Dismissal with Prejudice and return both original documents to me. Upon receipt of these documents, I will get Ron Wise to execute the Joint Stipulation for Dismissal and I will execute the same and file it with the Court along with a proposed Order. I will further provide you with a fully executed copy of the Joint Stipulation for Dismissal with Prejudice.
"Thank you for your cooperation in this matter."
This correspondence was copied to Ron Wise, the attorney representing Borland.
It is undisputed that on February 13, 2004, Christmas Green telephoned the attorney representing Cotton States and *Page 11 
Phillips and left a voice-mail message indicating that Harris did not want to settle the case against all the defendants but wanted to pursue her claims against Mike Preskitt and Mr. Install. That same day, another attorney from the law firm representing Harris wrote the following letter to the attorney representing Cotton States and Phillips in response to his letter of February 9, 2004:
 "RE: Yvonne Harris v. Cotton States Mutual Insurance Company, et al.
"Dear Bill:
 "Christmas emailed me about the release and settlement of our case. She advised that you proposed to have the case dismissed against all defendants. When I looked at the documents, I did see the stipulation for dismissal and read the language in the release itself, which is not clear as to the `protanto' nature of our settlement. It is our desire to pursue this case against the contractor and the documents may well foreclose that opportunity. Moreover, our client is not in agreement with the documents, which dismisses her case against all defendants.
 "Therefore, I am returning the documents and your check to you, as they do not represent our settlement. Our settlement did not in anyway dismiss the case. Thus, we have no settlement and will have to push forward with prosecution of Ms. Harris's case."
This correspondence was copied to the attorney representing Borland.
After discussions among the attorneys, on February 16, 2004, the attorney representing Cotton States and Phillips wrote the following letter to Christmas Green:
 "RE: Yvonne Harris v. Cotton States Mutual Insurance Company, et al.
"CV-030-1646
"Dear Christmas:
 "As per our telephone conversation on February 16, 2004, enclosed please find a Pro Tanto Release as well as a Motion to Dismiss all defendants other than Mike Pres[kitt] and Mr. Install, Inc. in the above-referenced matter. I am also returning the $35,000.00 settlement check. I trust this complies with your understanding of this dismissal. As you can determine, the Pro Tanto Release releases all defendants other than Mike Pres[kitt] and Mr. Install, Inc. and the motion to dismiss dismisses all defendants other than Mike Pres[kitt] and Mr. Install, Inc.
 "It is my understanding, subject to correct[ion], [that] neither Mike Pres[kitt] nor Mr. Install, Inc. have been served with the original Summons and Complaint.
 "I would request that you have Ms. Harris execute the Pro Tanto Release, have her signature acknowledged and you sign on the approval line. I would further request that you execute the Motion to Dismiss and file the same with the Court and send an executed copy to Ron [Wise] and me as per the certificate of service.
 "If you have any questions in reference to this matter, please do not hesitate to contact me."
The pro tanto release and settlement agreement were attached to the letter, and the letter was copied to the attorney representing Borland. Harris did not execute the settlement documents.
Around February 18 or 19, 2004, the attorney representing Cotton States and Phillips received a telephone call from an attorney representing Harris. The attorney stated that Harris was backing out of the settlement agreement and that she, the attorney, was leaving the firm. The attorney for Cotton States and Phillips said that he would file a motion to enforce the *Page 12 
settlement unless he immediately heard from the other attorney representing Harris.
On February 27, 2004, Cotton States, Borland, and Phillips filed a motion "to enforce [the] settlement that was reached in the above-referenced matter" and attached an affidavit executed by counsel along with exhibits. After a hearing, the trial court entered its April 8, 2004, order finding:
 "1. That on or about January 29, 2004, the parties by and through their attorneys of record entered into an oral settlement agreement. The settlement agreement was confirmed in writing by the attorney for Cotton States, Phillips, and Borland on January 30, 2004.
 "2. Further discussions took place between attorneys for [Harris] and the defendants between January 30, 2004 and February 13, 2004, regarding the terms of the settlement. These final terms were confirmed in writing by the attorney for [Harris] on February 13, 2004, wherein for the consideration of $35,000, [Harris] agreed to release the defendants Cotton States, Phillips, and Borland and retain [Harris's] right to pursue her claim against the remaining defendant.
 "3. On February 16, 2004, the attorney for the defendants Cotton States, Phillips, and Borland further reconfirmed in writing the final terms of the settlement and submitted to [Harris]'s counsel a check in the amount of $35,000, a Pro Tanto Release and Settlement Agreement and proposed motion of dismissal with prejudice [of] the defendants Cotton States, Phillips and Borland.
 "4. Subsequent to these writings, [Harris] attempted to repudiate the terms of the written settlement agreement thereby facilitating these defendants' motion, testimony and oral argument held before this Court on April 2, 2004.
 "5. Neither of the attorneys for the parties deny that they had authority to bind their clients to this settlement.
 "6. The Court therefore is of the opinion based on written communications between the attorneys for the parties as enumerated above, as well as § 34-3-21, Code of Alabama, as amended; Mays v. Julian LeCraw Co., Inc., 807 So.2d 551 (Ala.Civ.App. 2001), and Beverly v. Chandler, 564 So.2d 922 (Ala. 1990), there was a binding settlement in writing between the attorneys for the respective parties. . . ."
The trial court ordered Harris to execute the settlement documents.
Harris filed a "motion to alter, amend, or vacate, or, in the alternative, for a new trial,"[3] alleging in that motion that her attorney had rejected the settlement offer in the February 13, 2004, letter to the attorney for Cotton States and Phillips, which was also copied to the attorney representing Borland. The trial court did not rule on that motion.
On May 17, 2004, the trial court entered a final judgment granting Preskitt's motion to dismiss Harris's claims against him for want of prosecution. In its judgment, the trial court found that, although Preskitt had answered the complaint, Preskitt had never been served with any discovery *Page 13 
by Harris; Preskitt had been excluded from participating in discovery between Harris and the other defendants and from participating in the depositions taken by the other parties; and that Preskitt had been prejudiced by the other parties' having conducted discovery without his knowledge, by Harris's settlement with the other defendants, and by Harris's release of the other defendants before Preskitt had an opportunity to participate in or to read the discovery materials and to determine whether he had cross-claims against the other defendants.
On June 8, 2004, Harris filed a motion to alter, amend, or vacate or, in the alternative, for a new trial grounded on her claim that she did not know that Preskitt had been served or that he had answered the complaint; therefore, Harris asserted, she did not knowingly delay prosecution of her action against Preskitt. On June 16, 2004, the trial court denied Harris's postjudgment motion. Harris timely appealed to the Alabama Supreme Court, which deflected her appeals to this Court pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Harris claims that the trial court erred in finding that the terms of the settlement agreement were confirmed in writing by her attorney in a letter dated February 13, 2004, and that the trial court erred in dismissing her claims against Mike Preskitt and Mr. Install.
 "We initially note that the trial court heard no ore tenus evidence in this case; therefore, the ore tenus presumption of correctness does not apply. Ex parte Horn, 718 So.2d 694 (Ala. 1998). Section 34-3-21, Ala. Code 1975, governs the validity and enforcement of settlement agreements reached between parties at the trial-court level. Ex parte Sims, 627 So.2d 380
(Ala. 1993). Section 34-3-21, Ala. Code 1975, provides: `An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court.' A settlement agreement entered into between the parties is binding and will be summarily enforced. Contractor Success Group, Inc. v. Service Thrust Organization, Inc., 681 So.2d 212 (Ala.Civ.App. 1996). `It is axiomatic, however, that the parties must first enter into a valid and binding settlement agreement before it will be enforced.' Id., at 216. This court has stated:
 "`The law in Alabama is clear in that agreements made in settlement of litigation are as binding on parties thereto as any other contract. A settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced.
 "`When parties who are sui juris make a final settlement between themselves, such settlement is as binding on them in many respects as a decree of the court. However, such settlement may be opened for fraud, accident, or mistake.
"`. . . .
 "`A valid compromise agreement is conclusive only as to those matters which the parties have fairly intended to include within its terms. It does not ordinarily include claims not known at the time of, or arising after, the settlement. Thus, a settlement of a claim is conclusive of all elements of the claim except those specifically reserved by the parties.'
 "Nero v. Chastang, 358 So.2d 740, 743 (Ala.Civ.App. 1978) (citations omitted)."
Mays v. Julian LeCraw Co., 807 So.2d 551, 554 (Ala.Civ.App. 2001).
Harris does not argue that her attorneys lacked authority to enter into a *Page 14 
binding settlement with the attorneys for Cotton States, Borland, and Phillips. Rather, she argues that the February 13, 2004, letter was a rejection of a settlement offer, not an acceptance of a settlement offer. After carefully considering the evidence, it appears to this Court that the February 13, 2004, letter from Harris's attorney and the February 16, 2004, letter from Cotton States and Phillips's attorney indicate that Harris and Cotton States, Borland, and Phillips had a "meeting of the minds" in reaching a settlement of the claims against Cotton States, Borland, and Phillips. Mays, supra. Those letters were signed by the attorneys representing the parties to that agreement. The letters represent a binding and enforceable settlement agreement.Mays, supra. Accordingly, the trial court did not err in ordering Harris to execute the settlement documents.
Next, we address whether the trial court erred in dismissing Harris's claims against Preskitt and Mr. Install, Inc., for want of prosecution. First, we note that the case action summary sheet indicates that Mr. Install was never served with the summons and complaint. When a plaintiff has sued multiple defendants and one or more of the defendants has not been served, the plaintiff may proceed to judgment against the defendants who have been served. Rule 4(f), Ala. R. Civ. P. Such a judgment is a final judgment for the purposes of appeal. Rule 4(f) and Rule 54(b), Ala. R. Civ. P., and Curtis v. Bill Byrd Auto., Inc., 579 So.2d 590,591-92 (Ala. 1990). Although the trial court's judgment dismisses all of Harris's claims against "all remaining defendants," that judgment does not specifically mention Mr. Install, Inc., as a defendant to Harris's action. Because Mr. Install, Inc., had not been served, it was never a party to this action. Thus, because the May 17, 2004, order disposes of the remaining served defendant, Preskitt, the May 17, 2004, order is a final order even though it does not dismiss the unserved defendant, Mr. Install, Inc. Curtis, supra. Accordingly, there is no judgment dismissing Mr. Install, Inc., as a defendant, and this court has nothing to address with regard to Harris's argument on this issue.
As to the dismissal of Harris's claims against Preskitt, we note that Rule 41(b), Ala. R. Civ. P., provides, in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."
 "A dismissal for want of prosecution is within the discretion and inherent power of the trial court. The granting of dismissal will be reversed only if an abuse of discretion is shown. Dismissal with prejudice is a harsh sanction and should be used only in extreme circumstances. Nevertheless, in every action there comes a point when the interest of the court in controlling its calendar and the risk to the defendant outweigh the interest in disposing of the litigation on the merits.
 "In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Willful default or conduct is a conscious or intentional failure to act. `Willful' is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct."
Selby v. Money, 403 So.2d 218, 220 (Ala. 1981) (citations omitted and emphasis added). *Page 15 
Although Harris argues that she did not know that Preskitt had been served with the summons and complaint or that he had answered the complaint until the April 2, 2004, hearing, the case action summary clearly shows that a deputy sheriff served Preskitt with the summons and complaint on August 14, 2003, and that Preskitt filed an answer on September 16, 2003. Harris offers no explanation as to why she did not check the case action summary between August 2003 and April 2004. We note that it is the responsibility of a litigant to keep track of his or her case and to know its status. Johns v. A.T. Stephens Enters., Inc.,815 So.2d 511 (Ala. 2001); Averett v. Averett, 255 Ala. 606,52 So.2d 371 (1951).
Moreover, Harris engaged in discovery with Cotton States, Borland, and Phillips while excluding Preskitt. It appears that those defendants deposed Harris and that Harris deposed some of those defendants. At the April 2, 2004, hearing, Preskitt's attorney informed the trial court that he had learned of the deposition testimony and the discovery materials in the case the week of the hearing. He stated that it appeared to him that Preskitt had cross-claims against the other defendants. He further stated that the settlement and dismissal of the other defendants was prejudicial to Preskitt's defense, particularly since the case was set for trial in approximately four weeks. Preskitt's attorney also stated that Preskitt was served with the December 15, 2003, amended complaint the week before the April 2, 2004, hearing. After carefully considering the delay in prosecution of the action coupled with the prejudice caused to Preskitt by that delay, we cannot say that the trial court abused its discretion in dismissing Harris's claims against Preskitt for want of prosecution.
AFFIRMED.
CRAWLEY, P.J., and PITTMAN and BRYAN, JJ., concur.
MURDOCK, J., dissents, without writing.
[1] Mike Preskitt's name is sometimes incorrectly spelled "Prescott" in the record on appeal.
[2] Although the notice of appeal names Preskitt d/b/a Mr. Install, Inc., Harris sued Preskitt individually and separately from Mr. Install, Inc.
[3] A true postjudgment motion filed pursuant to Rule 59(e), Ala. R. Civ. P., may only be filed in reference to a final judgment. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50
(Ala. 2003); see also Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App. 1999).