[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12445
Non-Argument Calendar

_____

D. C. Docket No. 07-01854-CV-UWC-B-J

BONITA RENEA BATTON,

Plaintiff-Appellant,

versus

CITY OF JASPER, ALABAMA, THE,
JASPER POLICE DEPARTMENT, THE,
M. JONES,
Jasper Police Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 25, 2009)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

This case began in October 2007 when plaintiff filed a pro se complaint against defendants seeking damages under 42 U.S.C. § 1983 for the injuries she allegedly sustained following, and as the result of, a vehicle stop conducted by officers of the City of Jasper police department. In November 2007, plaintiff obtained the services of an attorney, Henry Sherrod III,who promptly entered into settlement negotiations with counsel for the defendants, Daniel Pickett. Claiming that a settlement agreement had been reached, the defendants moved the district court to enforce agreement.

At a status conference on the motion, the district court announced that it was converting the conference into a formal hearing so there would be a record.[1] The court then heard from Sherrod and Pickett and plaintiff.[2] The two lawyers related the gist of the settlement negotiations that had taken place, and the terms they had agreed to. Plaintiff told the court that she did not want to settle, that she had not consented to the terms expressed, and that she was being pressured by her lawyer to agree to them. The court stated that her disagreement with Sherrod was a matter that she would have to resolve with him, granted the defendants' motion to enforce the settlement agreement, and dismissed the case with prejudice. Plaintiff,

---

[1] The transcript of the hearing does not indicate that any who addressed the court did so under oath.

[2] None testified before the court under oath.

proceeding pro se, now appeals the court's judgment.

In her brief, plaintiff argues that her attorney lacked express authority to accept the settlement agreement the defendants proffered to the district court and that the record contains no evidence to support the court's finding that her attorney had authority to enter into such agreement. She contends that the court, as a basis for enforcing the agreement, erroneously relied on Ala. Code § 34-3-21, which gives an attorney authority to bind a client, failed to give her notice that the status conference would be transformed into a formal hearing, and failed to grant her a continuance so she could obtain the representation of counsel and present evidence.

We review the district court's decision to enforce a settlement agreement for an abuse of discretion. Hayes v. National Service Industries, 196 F.3d 1252, 1254 (11th Cir. 1999); see also Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483, 1485 (11th Cir. 1994) (reviewing for abuse of discretion a decision to enforce a settlement agreement without an evidentiary hearing). "In the Eleventh Circuit, state law governs the scope of an attorney's authority to enter into a settlement agreement." Murchison, 13 F.3d at 1485 (11th Cir. 1994).

"Section 34-3-21, Ala.Code 1975, governs the validity and enforcement of settlement agreements reached between parties at the trial-court level." Mays v. Julian LeCraw and Co., Inc., 807 So.2d 551, 554 (Ala. Civ. App. 2001). "An

3

attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." Ala. Code § 34-3-21. "A settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." Id. (quotation omitted).

The Alabama courts have limited an attorney's authority to enter into a settlement agreement, holding that:

> An attorney cannot settle a client's action or claim or prejudice a client's rights without authorization from the client. The power to compromise a demand does not arise from the power to sue or from an attorney's general authority which is usually limited in both duty and authority to the vigilant prosecution or defense of the rights of the client. The authority to settle is not incidental, but it is essential that an attorney have express, special authority from his client to do so. A person dealing with an attorney must ascertain the extent of the attorney's authority to compromise the client's claim. An attorney employed to represent a litigant in the prosecution or defense of a suit is a special agent of his client and has no implied or inherent authority or right to compromise and settle it. An agent's apparent authority must be founded upon the conduct of the principal and not upon the conduct of the agent.

Benitez v. Beck, 872 So.2d 844, 847 (Ala.Civ.App.2003) (quotations and citations omitted, emphasis in original). Thus, "[a] judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry." Id. (quotation and alteration omitted).

"Whether an attorney has the authority to settle a case on behalf of his client

4

is always a question of fact." Id. In Benitez, the court held that "[b]ecause the trial court did not hold a hearing and did not hear testimony or receive evidence [regarding the authority of the attorney], it could not have made a finding of fact that [the attorney] had the 'express, special authority' to bind the plaintiffs to the settlement agreement." Id. The court therefore vacated the trial court's decision and remanded the case so that such a hearing could be held. Id. at 848.

The district court abused its discretion in this case by enforcing the proffered settlement agreement without holding an evidentiary hearing and taking sworn testimony. We therefore vacate the court's judgment and remand the case for an evidentiary hearing and a factual determination of whether plaintiff expressly authorized her attorney to accept the settlement agreement the defendants proffered to the court.

VACATED and REMANDED.